HOBSON, Justice.
In conformity with custom, this court elected to treat a letter from Kenneth L. Hewett as a petition for writ of habeas corpus.
We issued said writ on October 20, 1959, because petitioner’s allegations indicated a possible violation of F.S. § 932.-38, F.S.A.[1]
Section 932.38 provides in pertinent part:
“When any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts, of this state, due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor, provided the name and address of such parent or guardian may be known to the court, or to the executive officers thereof.” (Emphasis supplied.)
Respondent by his return admits that petitioner was a minor at the time of his trial and that his parents were not notified. However, the respondent contends that such notification was unnecessary because the petitioner at the time of trial had been married and subsequently divorced.
We agree with the respondent that notification was not required under the facts of this case. The instant statute only applies to unmarried minors. Any question as to the effect of a subsequent change in *4 marital status was clearly answered in Milligan v. State, 1923, 109 Fla. 219, 147 So. 260, 262, where, with reference to Section-932.38, this court said:
“The marital relationship] having been established, its dissolution by annulment or divorce does not revitalize the rights conferred by the statute.”
We thus conclude that the writ should be discharged and the petitioner remanded to custody of the respondent.
. THOMAS, C. J., and TERRELL, ROBERTS and DREW, JJ., concur.

. See Kinard v. Cochran, Fla.1959, 113 So.2d 843.