MANN, Judge.
Flores seeks appellate review of denial of his third motion pursuant to Fla. Cr.PR 1.850, 33 F.S.A., asserting that the appointed counsel assigned him said that he would appeal but didn’t. His right to appellate review through habeas corpus where denied a normal appeal through state action is clear. Baggett v. Wainwright, Fla.1969, 229 So.2d 239. This applies as well to denial of appeal from post-conviction proceedings. Cappetta v. Wainwright, Fla.1967, 203 So.2d 609.
Flores alleges a language problem which caused him to think that he was pleading guilty to a violation of Fla.Stat. § 810.05, F.S.A., breaking and entering with intent to commit a misdemeanor, which carries a maximum penalty of five years, whereas he is presently serving a fifteen year sentence for breaking and entering with intent to commit a felony.
It is clear that Flores’ claim that his plea was not made understandingly and voluntarily ought to be heard under Rule 1.850 and that it is not barred by prior presentation to the court so long as it has not been considered and ruled upon. State v. Reynolds, Fla.1970, 238 So.2d 600. See also Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; Johnson v. Wainwright, Fla.1970, 238 So.2d 590; Rudolph v. State, Fla.App.1970, 230 So.2d 14.
Flores’ petition adequately asserts that his state-furnished counsel said he would appeal but didn’t. The record of the post-conviction proceeding which he seeks to review is not before us, so we cannot evaluate it, but we do suggest that in the light of our Supreme Court’s recent decision in Reynolds, Flores might want to abandon this route to review, consult with the Public Defender for the Tenth Circuit and file a new petition in the trial court under Rule 1.850. This procedure will save everybody concerned a lot of time. Accordingly, we recognize the adequacy of the petition and grant the rule nisi without prejudice to Flores’ abandonment of habeas corpus and *817 proceeding in the trial court after consultation with counsel.
LILES, Acting C. J., and McNULTY, J., concur.