LILES, Judge.
Appellant Leon Gayle was charged on five separate informations of robbery. He was represented by private counsel and entered a plea of guilty. He was adjudicated guilty by the court and sentenced to serve ten years at hard labor on one information; six months to ten years consecutive on one information; six months to ten years concurrent on one information, six months to ten years consecutive on one information and on the other information six months to ten years concurrent.
Appellant filed, in proper person, a motion to vacate and set aside judgment and sentence pursuant to CrPR 3.850, 33 F.S.A. The trial judge entered its order denying the motion to vacate and set aside judgment and sentence without an evidentiary hearing, holding that “Petitioner, after being represented by counsel of his own choosing, confessed his guilt and waived all his constitutional rights intelligently, freely and voluntarily.”
Appellant alleged in his motion, among other things, that he was taken into custody two months prior to the imposition of his sentence; that he was questioned by the police for hours without an attorney representing him and without his Miranda warnings. Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Appellant further alleged that he was coerced into confessing by the arresting officers; that he did not know he was entitled to a trial; that he was identified in a line-up without aid of an attorney and that no one explained to him the penalty for five counts of robbery.
Following the denial of appellant’s motion, the public defender was appointed to represent him in his appeal. In that capacity, the public defender requested from the official court reporter a transcript of the record at the sentencing. He was informed by the reporter that this occurred on “the very first day that reporting of pleas became compulsory” and that this case was not reported. We, therefore, have no record to refute in any way the allegations made in appellant’s motion. If what he has alleged is true, the fact that he was represented by private counsel at sentencing does not cure the defect.
We believe, pursuant to Boykin v. State of Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and Florida cases, Flores v. Wainwright, Fla.App.1970, 240 So.2d 816; Young v. State, Fla.App.1970, 233 So.2d 178, appellant is entitled to an evidentiary hearing on his motion.
Reversed and remanded for an evidenti-ary hearing.
PIERCE, C. J., and HOBSON, J., concur.