355 So.2d 111 (1978)
Franz Peter BUCKREM, Appellant,
v.
STATE of Florida, Appellee.
No. 48029.
Supreme Court of Florida.
January 26, 1978.
Rehearing Denied March 13, 1978.
*112 Gale K. Greene, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
ADKINS, Justice.
This is a direct appeal from a judgment adjudging defendant guilty of murder in the first degree and sentencing him to death.
On a Saturday evening, Summers, Caylor, and several other people were having a "get together" at Caylor's apartment. Debbie Townsend, the murder victim, had been living with Caylor (although not married) and was present at the "get together."
During the early morning hours, around 1:00 a.m., Summers and Caylor heard a noise like a gunshot or firecracker and left the apartment to determine what happened. They proceeded to defendant Buckrem's apartment because it sounded as though it came from there. Defendant answered the door. Caylor and Summers said defendant was stumbling and seemed drunk. Defendant denied shooting a gun or firecracker, then asked them if they were "queer." Defendant physically offended Caylor (in a manner not clear in the record) and, according to Summers, was trying to "put the make" on Caylor. Caylor struck defendant, who fell and sustained minor facial injuries. Caylor and Summers then returned to Caylor's apartment.
Susan Wallsman, one of the visitors in Caylor's apartment, went to defendant's apartment right after the altercation and found him on the ground. She helped defendant's wife wash off the blood and defendant stated he was "going to get those kids and he was going to kill Frank," referring to Frank Caylor. Susan testified that defendant appeared to have sobered up prior to her leaving. Shortly after 3:30 a.m., Susan heard a car leave which she believed to be defendant's automobile.
At approximately 4:00 a.m., Susan heard a loud crash, scream and gunshots.
Caylor testified that after his guests left he was sitting on the bed with Debbie Townsend when defendant kicked open the apartment door wielding a shotgun. Defendant punched Caylor in the eye with the barrel of the gun and shot him, almost severing Caylor's arm from his body. After shooting Caylor, defendant shot Debbie Townsend at point blank range causing her immediate death.
Defendant denied the commission of the homicide stating that he and his wife were at a friend's house, where he passed out on the floor. Donna Meyer corroborated defendant's alibi to some extent, but acknowledged that defendant could have left the house after she went to sleep around 4:00 a.m.
The jury returned a verdict of guilty of murder in the first degree for the homicide of Debbie Townsend, and assault with intent to commit murder in the first degree for the shooting of Caylor.
Defendant complains that the assistant state attorney during his argument to the jury made reference to the fact that two witnesses who could have testified relative to appellant's alibi defense were not called by the defense. This argument is without merit. In Jenkins v. State, 317 So.2d 90 (Fla.1st DCA 1975), the court said:
"Alibi was the crucial defense in this case. If a witness knows material facts which will be helpful to a defendant in making his defense, and the witness is competent and available, the defendant's failure to produce the witness is properly a subject of comment by the prosecutor. This is particularly true if the witness is the spouse of the defendant. 23A C.J.S. Criminal Law § 1099b, page 181; 5 A.L.R.2d 930." At 91.
The other contentions of defendant are also without merit. The evidence was sufficient to sustain the verdicts of guilt.
At the conclusion of the penalty phase of the proceedings, the jury recommended that life imprisonment be imposed *113 upon the defendant. The trial judge did not follow the recommendations of the jury and imposed the death sentence with the following findings:
"It is the Sentence and Judgment of this Court that you, for your said offense of Murder In The First Degree be committed to the Florida State Prison, and that you be sentenced to death, the Court finding under Florida Statutes, Chapter 921, that there are no significant mitigating circumstances, and that sufficient aggravating circumstances exist. The murder was especially heinous and atrocious. The defendant and the victim, a young girl, were strangers to each other, and the defendant after shooting the victim's boyfriend, heard her scream, whereupon he turned and shot her though the arms and chest with a shotgun. There was some evidence that the defendant had been drinking intoxicating liquor for some time prior to the murder. However, there was ample testimony to show that the defendant at the time of the murder was well aware of his actions and that he had previously threatened the victim's boyfriend. The defendant has no significant history of prior criminal activity but such mitigating circumstance is far outweighed by the heinous and atrocious murder he committed. The other aggravating and mitigating circumstances contained in Chapter 921, Florida Statutes, are not applicable."
We must determine whether the trial judge gave great weight to the recommendation of the jury. In Tedder v. State, 322 So.2d 908 (Fla. 1975), we said:
"A jury recommendation under our trifurcated death penalty statute should be given great weight. In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." At 910.
In State v. Dixon, 283 So.2d 1 (Fla. 1973), we said:
"When one or more of the aggravating circumstances is found, death is presumed to be the proper sentence unless it or they are overridden by one or more of the mitigating circumstances provided in Fla. Stat. § 921.141(7), F.S.A. All evidence of mitigating circumstances may be considered by the judge or jury." At 9.
The jury found that the mitigating circumstances outweighed those in aggravation, while the judge found that the mitigating circumstances did not override the aggravating circumstance that the murder was especially heinous and atrocious.
In Swan v. State, 322 So.2d 485 (Fla. 1975), the homicide was found to be heinous and atrocious. However, Swan was 19 years of age and his co-defendant (who received a life sentence) was 16 years of age. Swan was also suffering from a mental weakness. In view of the recommendation of the jury for life imprisonment, we held that the mitigating circumstances should be given greater weight by the judge and the imposition of the death sentence, under the circumstances, was improper.
In Jones v. State, 332 So.2d 615 (Fla. 1976), the defendant raped the victim and stabbed her 38 times. The homicide was heinous and atrocious. However, Jones was suffering from a paranoid psychosis and had been drinking alcoholic beverages on a daily basis. We pointed out that the jury had observed Jones as he testified and believed that the death penalty should not be inflicted. We recognize that extreme emotional conditions of defendants in murder cases can be a basis for mitigating punishment. As a result we held that the court should have followed the jury's recommendation for a life sentence.
Defendant Buckrem was drinking during the night the homicide was committed. He had a previous altercation with Caylor and was obviously disturbed, as well as intoxicated. The defendant had no previous criminal activity, was gainfully employed, but engaged in the use of alcoholic beverages on weekends. On the facts and circumstances *114 of this case, there is insufficient reason shown by the record to override the jury's advisory sentence. After carefully reviewing the entire record we conclude that the court should have followed the jury's recommendation for a life sentence.
Defendant's conviction for first degree murder is affirmed, but the sentence of death is set aside and the cause is remanded to the trial court with instructions to impose a sentence of life imprisonment without eligibility for parole in 25 years.
The judgment and sentence of assault with intent to commit murder are affirmed.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.