PER CURIAM.
Franz P. Buckrem appeals his sentence for first degree murder and assault with intent to commit first degree murder. He contends that the single sentence imposed for these two offenses constitutes an illegal general sentence. We agree and reverse.
After appellant’s trial and conviction on both charges, the trial court sentenced him to death on the murder charge and to fifteen years in prison on the assault charge. The trial court entered two judgments and sentences. The first adjudicated appellant guilty and set forth sentences on both offenses. It further provided:
*1259 In the event the death penalty is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court and the defendant herein is brought back before this Court and sentenced to life imprisonment as provided by Chapter 775, Florida Statutes, the fifteen-year sentence imposed herein for the offense of Assault With Intent to .Commit Murder In The First Degree shall be consecutive to any such sentence of life imprisonment.
The second judgment and sentence adjudicated appellant guilty of and sentenced him on only the assault charge.
On appeal the Florida Supreme Court affirmed both convictions and the fifteen-year sentence on the assault, but reversed the death sentence for the murder and remanded the case to the trial court for imposition of a sentence of life imprisonment. Buckrem v. State, 355 So.2d 111 (Fla.1978). On remand, the trial court entered an amended judgment and sentence, which again adjudicated appellant guilty of both charges and sentenced him to life in prison.
The judgment and sentence on the assault having previously been affirmed, the fifteen-year sentence originally imposed stands. However, the trial court erred in entering a new judgment and sentence on both offenses and imposing only a single sentence of life imprisonment upon appellant. This is, in effect, a general sentence, which is impermissible, Dorfman v. State, 351 So.2d 954 (Fla.1977), and must be corrected.
The amended judgment and sentence is therefore vacated and the cause remanded for entry of a new judgment and sentence on the first degree murder charge alone. The new sentence should specify whether the life sentence is to run concurrently with or consecutively to the fifteen-year sentence on the assault. Since the condition set forth originally which would have required that the sentences be consecutive was not met, it is unclear how the trial court would have wished the sentences to run under the present circumstances, and the court’s intent should be clarified.
REVERSED and REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and SCHEB and OTT, JJ., concur.