508 So.2d 778 (1987)
Sharon WARD, Petitioner,
v.
Richard DUGGER, Secretary, Florida Department of Corrections, Respondent.
No. 87-131.
District Court of Appeal of Florida, First District.
June 23, 1987.
Sharon Ward, petitioner, pro se.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., for respondent.
PER CURIAM.
On August 1, 1984, Sharon Ward was convicted of second-degree murder in connection with the shooting death of her husband. Her appeal of that conviction was affirmed by this court by opinion dated June 7, 1985, see Ward v. State, 470 So.2d 100 (Fla. 1st DCA 1985) and mandate issued on June 27, 1985.
On April 20, 1987, correspondence from Ms. Ward was received by the clerk of this court. The letter stated, among other things, that Ms. Ward had hoped to file a motion for post-conviction relief alleging ineffective assistance of counsel but that the privately-retained counsel who had represented her at trial had been totally uncooperative in providing her with records concerning her case that would be helpful in drafting her motion. Ms. Ward was also aware of the two year limitation in Rule *779 3.850, Florida Rules of Criminal Procedure, and felt that she was now barred from filing such a motion. The letter was brought to the attention of a panel of judges of this court which found that it stated a preliminary basis for relief in that Ms. Ward might be entitled to file a belated motion for post-conviction relief if the actions of her attorney had frustrated her intention to file such a motion in a timely fashion.[1] The letter was accordingly construed as a petition for writ of habeas corpus, Hewett v. Cochran, 117 So.2d 3 (Fla. 1960), and Secretary Dugger was named the respondent in the cause and was directed to show cause why relief should not be granted.
In his response, Dugger argues that no relief is necessary from this court because Ward has until June 27, 1987, to file her motion for post-conviction relief. Although Dugger offers no analysis in support of his argument, we agree and accordingly dismiss the petition for writ of habeas corpus seeking leave to file a belated motion for post-conviction relief.[2]
Rule 3.850, Florida Rules of Criminal Procedure, provides in pertinent part:
A motion to vacate a sentence which exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more that two years after the judgment and sentence become final [with two exceptions not relevant here]. Any person whose judgment and sentence became final prior to January 1, 1985, shall have until January 1, 1987, to file a motion in accordance with this rule.
The controlling issue is when the judgment and sentence "become final" for purposes of the rule. We agree with Dugger that, in this case, such date is June 27, 1985, the date of issuance of mandate. We recognize that proceedings seeking direct review of a conviction and sentence may well take most or all of the two years permitted by the rule, especially where there is an affirmance on appeal and discretionary review is sought in the Florida Supreme Court. We are also cognizant that the sentencing court is without jurisdiction to consider a motion for post-conviction relief while such review proceedings are pending, Barton v. State, 193 So.2d 618 (Fla. 2d DCA 1966) (appellate review); State v. Meneses, 392 So. 905 (Fla. 1981) (discretionary review). We therefore conclude that the judgment and sentence "become final" for purposes of Rule 3.850 when any such direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court.
Petition dismissed.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] This relief would be analogous to the belated appeals permitted under the rationale of Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969). Belated appeals may be granted from orders on motions for post-conviction relief, Flores v. Wainwright, 240 So.2d 816 (Fla. 2d DCA 1970), and the actions of privately-retained counsel may justify the granting of a belated appeal, State v. Meyer, 430 So.2d 440 (Fla. 1983).
[2] Because of the short time frame left to petitioner to file her 3.850 motion, we previously disposed of this matter by unpublished order with a commitment to subsequently explain our reasoning by published opinion.