511 So.2d 669 (1987)
Enrique J. DIAZ, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. BT-62.
District Court of Appeal of Florida, First District.
August 5, 1987.
On Motion for Relief September 1, 1987.
Richard A. Belz, Florida Institutional Legal Services, Inc., Gainsville, for appellant.
Robert A. Butterworth, Atty. Gen., and Allen R. Grossman, Asst. Atty. Gen., for appellee.

ON MOTION TO DISMISS
PER CURIAM.
This is an appeal from a final order of a hearing officer, Division of Administrative Hearings, dismissing appellant's rule challenge. Appellant, a prisoner in the custody of the Department of Corrections (DOC) sought to challenge the administrative rule which prohibits inmate access to the department's files; F.A.C.R. 33-6.006. DOC filed a motion to dismiss the petition on two grounds: (1) that the petition failed to allege specific facts showing that petitioner is adversely affected by the rule (i.e. failed to allege standing); and (2) that the petition failed to state sufficient facts showing that the rule is an invalid exercise of delegated legislative authority.
The final order of the hearing officer expressly rejected the standing argument, but accepted the second argument finding that the challenged rule was almost a verbatim duplication of the authorizing statute and therefore it could not be said the rule was an invalid exercise of delegated legislative authority.
In his initial brief, appellant raises for the first time the question of the facial constitutionality of the authorizing statute. Appellant relies primarily on Key Haven Associated Enterprises, Inc. v. Board of Trustees, 427 So.2d 153 (Fla. 1982) for the proposition that the facial constitutionality of a statute may be raised for the first time on appeal of an administrative order.
DOC now moves to dismiss this appeal arguing that appellant does not have standing and he simply initiated the rule challenge so he could bring an appeal and raise the constitutionality of the statute for the first time. DOC contends that appellant *670 never had any intention of successfully challenging the rule in the administrative proceeding but did so solely for the purpose of circumventing the trial court so that he could challenge the constitutionality of the statute in the district court. DOC suggests that to permit appellant to prosecute this appeal on the merits will result in an inundation of rule challenges by inmates so they can challenge the constitutionality of statutes on appeal. Therefore, DOC urges this court to find that appellant did not have standing to seek an administrative determination of the validity of the rule in question and therefore is not entitled to judicial review.
The arguments raised by DOC are inappropriate in a motion to dismiss. Section 120.52(11)(d) and section 120.68 make it very clear that prisoners are permitted to bring rule challenges and may appeal adverse rulings thereon. Thus, there is no jurisdictional defect or procedural violation raised by the motion to dismiss. Nor does the motion suggest any indisputable or blatant misconduct. Instead, the arguments contained in the motion to dismiss belong either in the answer brief or on cross appeal. Similarly, the department's contention that the appeal should be barred because appellant knew he could not successfully challenge the rule in the administrative forum, as well as the attempts to distinguish Key Haven, belong in the answer brief.
Raising the substantive arguments found here in a motion to dismiss constitutes an abuse of motion practice resulting in a waste of the court's time and resources. In so holding, we recognize that this motion is not unique, but rather is representative of a trend toward over zealous use of motions, inappropriate in the appellate court. See Dubowitz v. Century Village East, Inc., 381 So.2d 252 (Fla. 4th DCA 1979). Generally, such motions are simply summarily denied by unpublished order. This opinion should serve as notice that in the future, this court may be less tolerant of the abusive use of motions to present arguments which are appropriately raised in the briefs.
For the foregoing reasons, the motion to dismiss is denied.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.

ON MOTION FOR RELIEF
PER CURIAM.
Counsel for appellee has filed a motion for relief requesting this court to amend the published order on motion to dismiss by deleting the sentence: "Raising the substantive arguments found here in a motion to dismiss constitutes an abuse of motion practice resulting in a waste of the court's time and resources." Counsel for appellee fears this language could be construed as a public reprimand. Although we decline to amend the opinion, we clarify it, emphasizing the language which follows the quoted sentence. That is, the motion giving rise to the publication of this order was not unique but rather was representative of many motions filed with this court which in the past have been disposed of by unpublished order. Nothing in the order was intended to reprimand this individual attorney.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.