ERVIN, Judge.
The appellant raises four issues in this criminal appeal, one of which, the failure to grant a mistrial because of prejudicial com *982 ments made by the prosecution, we find to be of merit and reverse and remand. In light of our holding on this issue, we decline to address the remaining three issues.
The appellant was charged with a fourteen-count information with various offenses resulting from his alleged participation in robbery. Prior to trial, defense counsel filed a motion seeking funds for the appointment of an expert, or, in the alternative, a motion in limine barring the admission of certain anticipated evidence. The primary defense offered by appellant went to the victims’ inconsistent identification of appellant as the perpetrator of the crimes, in that they had failed, in their pretrial statements, to mention defendant’s silver crowned front tooth. Appellant’s trial counsel, surmising that the state would argue, in opposition to the defense of mis-identification, that the crown in question could easily be removed, requested that either the appellant be granted funds “with which to hire a dentist for examination and possible testimony to the effect that Defendant’s tooth-crown is permanent”, or that the “Court prohibit the State from testimony and/or argument contending that the tooth-crown is easily removable.” The court denied the motion for expert funds, but granted the motion in limine restricting the state’s evidence and comments for such purpose.
At trial, a witness for the appellant testified that he had seen the appellant the day before the robbery occurred and had then observed the silver crown. During cross-examination, the prosecution inquired, “Are you aware that silver crowns are sometimes removed?” The defendant’s motion for mistrial was denied, but the trial court instructed the jury to disregard the question. In closing argument, the state again referred to the removability of the appellant’s crowned tooth, this time commenting on the defense’s lack of a dental expert.[1] The defendant’s objection was overruled and the motion for mistrial again denied. The jury found the appellant guilty of one count of armed robbery, three counts of armed kidnapping, one count of use of a firearm during the commission of a felony, one count of false imprisonment, three counts of aggravated assault and one count of burglary.
We conclude that, viewing the record as a whole, the comments made by the prosecution constitute reversible error. The test for determining whether an error is harmless was articulated by the Florida Supreme Court in State v. DiGuilio, 491 So. 2d 1129, 1139 (Fla.1986), as follows:
Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
(emphasis supplied) If the only violation of the pretrial order had been the question posed by the prosecution on cross-examination, we might be inclined to hold the error only harmless, as a curative instruction was then given by the court. Nevertheless, the record discloses that following the state’s improper cross-examination, the trial court, while addressing the attorneys at side-bar, specifically found a violation of the pretrial order, and admonished the state not to mention again the issue of *983 whether the appellant’s teeth were removable. The state’s comments in closing argument, referring to the appellant’s failure to produce a dental expert, were thus not only in direct violation of the pretrial order, but the court’s warning during trial as well.
The case at bar is clearly distinguishable from Buckrem v. State, 355 So.2d 111 (Fla. 1978), where the Florida Supreme Court held that “the defendant’s failure to produce the [competent and available] witness is properly a subject of comment by the prosecutor.” 355 So.2d at 112. See also State v. Michaels, 454 So.2d 560 (Fla.1984). (“The basis for the rule [in Buckrem ] is that the trier of fact is entitled to hear relevant evidence from available and competent witnesses.”) Here the defense was denied funds for a dental expert and was therefore precluded from producing such witness at trial. We cannot therefore categorize the prosecutor’s willful and deliberate violation of the trial court’s pretrial order as a justifiable response to the appellant’s failure to produce an available witness. The prosecution’s comments, made both during cross-examination and closing argument, may therefore have erroneously led the jury to believe that the appellant had the burden of introducing witnesses to prove his innocence. See Dixon v. State, 430 So.2d 949 (Fla. 3d DCA), pet. for rev. denied, 440 So.2d 353 (Fla.1983); Salazar-Rodriguez v. State, 436 So.2d 269 (Fla. 3d DCA 1983); Wright v. State, 363 So.2d 617 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 471 (Fla.1979). The judgment and sentence of the trial court is accordingly
REVERSED and REMANDED for new trial.
SMITH, C.J., concurs.
NIMMONS, J., concurring with opinion.

. The precise comments made were as follows: I didn’t hear any proof positive beyond and to the exclusion of any reasonable doubt that Sam Jones had those teeth in his mouth the night this happened. He had them before that — may have had them 24, 36 hours before that, he may have had some after that, but I heard no dentist come in here to establish the age of the silver in his mouth now. I heard no dental records being produced to show the silver that’s in his mouth now is exactly the same silver that was in his mouth then. I heard no dentist testify as to how much the silver had been worn down by use to show how old it is. The man has silver in his mouth now. He had silver in his mouth before that night. I have heard nothing which logically proves beyond a reasonable doubt that we’re talking about the same silver, or that he had it in his mouth that night.