527 So.2d 867 (1988)
Aaron J. AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1025.
District Court of Appeal of Florida, First District.
June 16, 1988.
Rehearing Denied July 22, 1988.
Aaron J. Austin, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
This is an appeal from the denial of Austin's rule 3.850 motion for post-trial relief contending ineffective assistance of counsel. Finding the motion was untimely filed, we affirm.
*868 In December 1983, appellant pled guilty to armed robbery and was sentenced to 30 years' imprisonment. Appellant's conviction and sentence were affirmed without opinion by this court on February 14, 1985, and mandate issued March 4, 1985. Appellant apparently then filed a petition for writ of habeas corpus in the Supreme Court of Florida which was denied on December 15, 1986.
On May 26, 1987, appellant filed the present motion for post-conviction relief alleging ineffective assistance of counsel. He contended that (1) counsel induced him to plead guilty with the understanding that he would receive no more than four to five years under the sentencing guidelines; (2) counsel failed to object to the departure sentence even though the reasons given for departure were no clear and convincing; and (3) counsel did not object when the court failed to inform defendant that he could receive a 30 year sentence outside the guidelines (Motion at pp. 4-5).
The trial court denied the motion without a hearing on the ground that appellant's motion was untimely under rule 3.850 because the judgment and sentence had been final for more than two years. Appellant filed a motion for rehearing alleging that his judgment and sentence were not final until December 15, 1986, the date the supreme court denied his petition for writ of habeas corpus, and thus, he had until December 15, 1988 to file his 3.850 motion. The trial court denied the petition for rehearing.
Fla.R.Crim.P. 3.850 provides that
No ... motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final unless it alleges (1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, or, (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
In this case, appellant's judgment and sentence became final on March 4, 1985, leaving him two years from that date, or until March 4, 1987, to file his rule 3.850 motion. Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987) (judgment and sentence become final for purpose of rule 3.850 when direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court). Appellant has not alleged that the facts upon which his claim is predicated have just become known or that his claim is based on a newly established fundamental constitutional right. Cf. Paez v. State, 512 So.2d 263 (Fla. 3d DCA 1987).
Appellant contends that his judgment and sentence were not final until his petition for writ of habeas corpus was disposed of by the supreme court, but the rules do not provide for a stay of mandate pending review by petition for habeas corpus. In his motion for rehearing, appellant also urges that the lateness of his petition should be forgiven because he is not an attorney. Neither rule 3.850 nor any case law of which we are aware provide for such an exception. Because appellant did not file his motion until May 26, 1987, the trial court properly denied the motion as untimely.
AFFIRMED.
SMITH, C.J., and JOANOS, J., concur.