540 So.2d 227 (1989)
Randy HILBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2404.
District Court of Appeal of Florida, Fifth District.
March 23, 1989.
Randy Hilbert, Olustee, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The trial court denied defendant's motion for post conviction relief under Florida Rule of Criminal Procedure 3.850 on the ground that the petition was not timely filed, and indicated in its order that it would entertain no motion for rehearing. Defendant appeals and we reverse.
Defendant was tried and convicted of sexual battery on a child, and sentenced to life imprisonment with a mandatory minimum incarceration of 25 years. The judgment of conviction became final on January 14, 1986. Defendant appealed to this court which affirmed the conviction, the mandate issuing on November 6, 1986. Defendant's motion for post conviction relief was filed November 2, 1988, and alleges six different instances of what defendant asserts constituted ineffective assistance of counsel at trial. Concluding that the motion for relief was not timely filed, the trial court denied relief without considering the merits of the motion.
Except under circumstances not applicable here, a motion for post conviction relief must be filed within two years "after the judgment and sentence become final." Fla. R.Crim.P. 3.850, supra. The Rule has been interpreted to mean that the judgment and sentence do not become final until the appellate process has been completed. Burr v. State, 518 So.2d 903 (Fla. 1987), vacated on other grounds, ___ U.S. ___, 108 S.Ct. 2840, 101 L.Ed.2d 878 (1988). Here, this court was the last step in the appellate process, and our mandate issued on November 6, 1986. Thus, the motion for post conviction relief, filed November 2, 1988 was timely and should have been considered by the court.
We reverse the order which denied relief because of untimeliness, and remand the case to the trial court. Because the motion is not legally insufficient on its face, upon remand the trial court shall attach a copy *228 of that portion of the files and record in the case which conclusively show that defendant is entitled to no relief, if that be the case, or hold an evidentiary hearing after receiving a response to the motion or other pleading from the state, as provided for in the Rule.
REVERSED AND REMANDED.
SHARP, C.J. and DANIEL, J., concur.