WENTWORTH, Senior Judge.
This is a timely appeal from successive orders denying Brown’s motion for post-conviction relief. Fla.R.Crim.P. 3.850. We *645 affirm because the motion below was subject to dismissal for Brown’s failure to reinstate his prematurely filed and dismissed motion for postconviction relief within two years of conviction. See Brown v. State, 488 So.2d 69 (Fla. 1st DCA 1986) (affirming conviction), attempted appeal dismissed, -494 So.2d 1149 (Fla.1986); Brown v. State, 530 So.2d 1011 (Fla. 1st DCA 1988) (denying motion for existing records or acquittal), appeal dismissed, 537 So.2d 568 (Fla.1988).
The state filed in this court a motion to dismiss for lack of subject matter jurisdiction, or as procedurally barred. That motion was denied without prejudice and the state now reasserts its position in its answer brief. Except under circumstances not applicable here, a motion for postcon-viction relief must be filed within “two years after the judgment and sentence become final.” Fla.R.Crim.P. 3.850. That provision has been interpreted to mean that the judgment and sentence do not become final until appellate proceedings have concluded. Hilbert v. State, 540 So.2d 227 (Fla. 5th DCA 1989) (date of mandate); Austin v. State, 527 So.2d 867 (Fla. 1st DCA 1988), rev. denied, 536 So.2d 243 (Fla. 1988); Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987). The final step in the appellate process here occurred on May 22,1986, when this court issued its mandate. Thus, to comply with the rule, Brown must have filed his 3.850 motion before May 22, 1988. Fatal to his cause, he filed his claim for “reinstated” motion on August 23, 1989, more than 15 months after the two-year deadline. In the past, this court has declined to overlook the time requirement simply because the movant advanced his claim personally. Austin, 527 So.2d at 868.
In addition, Brown has stated no claim that entitles him to relief, for his allegations are conclusory, inadequately alleged, lack merit, or were not raised below.
Affirmed.
SMITH and WIGGINTON, JJ., concur.