602 So.2d 606 (1992)
Samuel Laray JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 92-437.
District Court of Appeal of Florida, First District.
June 25, 1992.
*607 Samuel Jones, pro se.
No appearance for appellee.
JOANOS, Chief Judge.
Samuel Laray Jones appeals the order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. The order denying relief was predicated on the trial court's determination that the motion was not filed within the two-year limitations period set forth in the rule. We reverse.
Initially, appellant was charged in a 14-count information with, among other things, multiple counts of armed robbery, armed burglary with a firearm, and armed kidnapping with a firearm. See Jones v. State, 522 So.2d 981 (Fla. 1st DCA 1988) (Jones I). In Jones I, the court reversed for new trial due to improper prosecutorial comment during cross-examination and closing argument. 522 So.2d at 983. Upon retrial, appellant again was convicted, and appealed the second conviction, raising two sentencing issues. See Jones v. State, 546 So.2d 1134 (Fla. 1st DCA 1989) (Jones II). In Jones II, the court reversed in part, and remanded for correction of the stacked minimum mandatory sentences for use of a firearm. 546 So.2d at 1135. The Jones II opinion was filed July 21, 1989; the mandate issued August 8, 1989, and was date stamped filed on August 9, 1989.
On July 19, 1991, appellant filed the rule 3.850 motion here under review. The motion stated that the date of the judgment and sentence under attack was June 9, 1988.[1] As grounds for relief, appellant alleged ineffective assistance of trial counsel, setting forth specific instances in which counsel's performance was alleged to be deficient, together with detailed factual allegations and exhibits.
The order denying relief suggests that it was predicated on the trial court's determination that the limitation period for filing a rule 3.850 motion began with the 1988 date of the judgment and sentence under attack. Appellant filed a motion for rehearing, alleging the trial court overlooked the fact that the second conviction was appealed, and overlooked the pronouncement in Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987), that a judgment and sentence become final for purposes of rule 3.850 when direct review proceedings are concluded and jurisdiction to entertain a motion for post-conviction relief returns to the trial court. The trial court denied the motion for rehearing, whereupon appellant filed a timely notice of appeal.
Florida Rule of Criminal Procedure 3.850 provides that a motion for post-conviction relief which does not allege that the sentence exceeds the limits provided by law, must be filed within two years after the judgment and sentence become final, unless (1) the facts forming the basis of the claim could not have been ascertained by the exercise of due diligence, or (2) the right asserted was not established within the limitation period set forth in the rule. In Burr v. State, 518 So.2d 903, 905 (Fla. 1987), cert. denied, judgment vacated on other grounds, 487 U.S. 1201, 108 S.Ct. 2840, 101 L.Ed.2d 878 (1988), the supreme court stated, "it was the intent of this Court, when it promulgated the rule, that the time should not begin to run until the writ of certiorari filed with the United States Supreme Court is finally determined." In other words, a judgment and *608 sentence become final for purposes of filing a motion for post-conviction relief when appellate proceedings have concluded, i.e., upon issuance of the mandate. See Brown v. State, 577 So.2d 644, 645 (Fla. 1st DCA), review denied, 591 So.2d 180 (Fla. 1991); Austin v. State, 527 So.2d 867, 868 (Fla. 1st DCA), review denied, 536 So.2d 243 (Fla. 1988); Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987); Hilbert v. State, 540 So.2d 227 (Fla. 5th DCA 1989).
The order indicates the trial court concluded the judgment and sentence became final in July 1988, upon resentencing. Since an appeal was taken following retrial, see Jones II, the rule 3.850 period began to run upon issuance of the mandate on that appeal. The Jones II mandate issued August 8, 1989, and was filed August 9, 1989, which date marked the point at which the judgment and sentence became final for purposes of the two-year limitation period in rule 3.850. Since appellant's 3.850 motion was filed July 19, 1991, it was filed within the rule's two-year limitation period.
Accordingly, the order denying appellant's motion for post-conviction relief is reversed and remanded for consideration of the merits of the allegations.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] The order denying relief places the date of sentencing as July 15, 1988. For the reasons which follow, this minor discrepancy regarding the sentencing date has no bearing on the outcome of this case.