617 So.2d 1105 (1993)
Keith Bernard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-342.
District Court of Appeal of Florida, First District.
May 7, 1993.
Charlie J. Gillette, Jr., of Brannon & Gillette, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., for appellee.

ORDER ON APPELLEE'S MOTIONS TO DISMISS AND FOR JUDICIAL NOTICE
PER CURIAM.
Keith Bernard Brown appeals the summary denial of his motion for post-conviction relief. The State of Florida, appellee in this cause, moves to dismiss the appeal and for this court to take judicial notice of the issuance of mandate in Brown's direct appeal. For the reasons that follow, we deny the motion to dismiss and grant the motion for judicial notice.
Brown was tried and convicted of second degree murder and armed robbery. His judgment and sentences were affirmed on direct appeal in Brown v. State, 565 So.2d 369 (Fla. 1st DCA 1990). Appellant petitioned the Supreme Court of Florida for review of our decision, but the petition was denied on January 2, 1991. Brown v. State, 576 So.2d 285 (Fla. 1991). Meanwhile, as apparently no stay of mandate was requested or ordered, see State v. McKinnon, 540 So.2d 111 (Fla. 1989), this court's mandate issued on September 24, 1990.
Brown filed his motion for post-conviction relief on November 17, 1992, and the trial court, finding no merit to movant's claims, denied relief and attached certain portions of the record to its order. The state now moves for dismissal of this appeal, arguing that Brown's judgment and sentences became final on September 24, 1990, when mandate issued in our case number 89-2430, the direct appeal described above. Thus, according to appellee, the motion for post-conviction relief was untimely under Florida Rule of Criminal Procedure 3.850(b), which requires that a motion be filed no more than two years after the judgment and sentence become final, with certain exceptions that are apparently not applicable here. In support of its argument, appellee relies primarily on Brown v. State, 577 So.2d 644 (Fla. 1st DCA), review denied, 591 So.2d 180 (Fla. 1991) (hereafter Brown) and Austin v. State, 527 So.2d 867 (Fla. 1st DCA), review denied, 536 So.2d 243 (Fla. 1988). Appellant opposes the motion, pointing to Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987) which held that, for these purposes, the judgment and sentence are not final until disposition by the supreme court of the petition for discretionary review. As appellant's motion for post-conviction relief was filed within two years of denial of his petition for review by the Florida Supreme Court, the motion would be timely under the rationale of Ward.
*1106 Appellee also moves for this court to take judicial notice of the date of issuance of mandate in case number 89-2430. Appellant has expressed no objection to this request and such judicial notice appears to be appropriate. Gulf Coast Home Health Services, Inc. v. Department of Rehabilitative Services, 503 So.2d 415 (Fla. 1st DCA 1987). Accordingly, appellee's request for judicial notice is granted.
We do not find, however, that the state's motion to dismiss is so well-taken. As a threshold matter, even if we were to find appellee's position on the interpretation of Rule 3.850(b) to be correct, it has not shown grounds for dismissal of this appeal. An appealable order was entered by the trial court and appellant timely filed a notice of appeal. Nothing has occurred in the appellate proceedings to warrant dismissal. Instead, the state is actually arguing that the trial court reached the correct result for the wrong reason, that is, the motion for post-conviction relief should have been denied as untimely. The proper method to present such an argument is to argue for affirmance in the answer brief, not by moving to dismiss. See Brown, 577 So.2d at 645; cf. Diaz v. Florida Department of Corrections, 511 So.2d 669 (Fla. 1st DCA 1987) (improper to use motion to dismiss to argue that appeal lacks merit); Fla. R.App.P. 9.315(c) (party may not move appellate court for summary affirmance).
In the interest of judicial economy we nevertheless will resolve the question presented by the appellee's motion to dismiss. While we agree with appellee that there is apparently conflicting language in this court's opinions in Ward and Brown, we do not agree that the latter overruled the former. In Brown, the appellant's direct appeal resulted in affirmance and mandate issued May 22, 1986. Brown then attempted to appeal this court's decision to the Florida Supreme Court, but the appeal was dismissed on September 8, 1986. His motion for post-conviction relief was filed August 23, 1989, and this court affirmed denial of the motion, finding it to have been untimely filed. In so doing, it found "[t]he final step in the appellate process here occurred on May 22, 1986, when this court issued its mandate." Brown, 577 So.2d at 645. By contrast, the Ward opinion squarely held that the judgment and sentence become final and the two year time limit of Rule 3.850(b) commenced when the Florida Supreme Court disposes of a petition for review of the district court's decision on direct appeal. 508 So.2d at 779.
We believe Ward was correctly decided and, to the extent Brown v. State, 577 So.2d 644 (Fla. 1st DCA 1991) may appear to conflict with Ward, we recede from Brown.[1] The discussion in Brown was dicta, as appellant's motion for post-conviction relief was untimely whether measured from issuance of mandate or denial of his appeal to the supreme court of our decision. Further, the Ward holding appears to be correct. See Gallo v. State, 571 So.2d 78 (Fla. 4th DCA 1990); cf. Burr v. State, 518 So.2d 903 (Fla. 1987) vacated on other grounds, 487 U.S. 1201, 108 S.Ct. 2840, 101 L.Ed.2d 878 (1988), opinion on remand, 550 So.2d 444 (Fla. 1989), vacated, 496 U.S. 914, 110 S.Ct. 2608, 110 L.Ed.2d 629 (1990), affirmed in part, remanded in part, 576 So.2d 278 (Fla. 1991) (time for filing motion for post-conviction relief in death penalty case did not commence until United States Supreme Court disposed of petition for writ of certiorari for review of state supreme court's disposition on appeal of judgment and sentence).
For the foregoing reasons, we grant appellee's motion for judicial notice but deny appellee's motion to dismiss the appeal.
IT IS SO ORDERED.
SMITH, ZEHMER and ALLEN, JJ., concur.
NOTES
[1] Appellee's reliance on Austin v. State, 527 So.2d 867 (Fla. 1st DCA), review denied, 536 So.2d 243 (Fla. 1988) is misplaced because after affirmance of his judgment and sentence by this court, Austin petitioned the supreme court for a writ of habeas corpus, which is not a vehicle to review this court's decision. In fact, the Austin opinion cites Ward with approval.