GUNTHER, Chief Judge.
Appellant, Martin Wayne Rector, defendant below (Defendant), appeals a summary denial of his rule 3.850 motion without an evidentiary hearing and an order denying Defendant’s motion for rehearing. We reverse because the trial court erred in finding that Defendant’s rule 3.850 motion was untimely filed and an evidentiary hearing should have been held on Defendant’s allegations of ineffective assistance of counsel.
A judgment and sentence becomes final and the two year time limit of Rule 3.850(b) commences when the Florida Supreme Court disposes of a petition for review of the district court’s decision on direct appeal. Gallo v. State, 571 So.2d 78, 79 (Fla. 4th DCA 1990); Brown v. State, 617 So.2d 1105 (Fla. 1st DCA 1993). Furthermore, Rule 3.040, Florida Rules of Criminal Procedure, provides that in computing the two year time limit, the day of the act or event from which the designated period of time begins to run is not to be included. Finally, a Rule 3.850 motion that is notarized on a certain date is deemed to have been filed on that date. Olkewicz v. State, 633 So.2d 1132 (Fla. 4th DCA 1994).
In the instant case, the Florida Supreme Court declined Defendant’s petition for review of this court’s decision on direct appeal on January 26, 1993. Rector v. State, 613 So.2d 8 (Fla.1993). Thus, according to Rule 3.040, Florida Rules of Criminal Procedure, *1105 the two year time limit began to run the following day, January 27,1993, and ran until January 27, 1995. Defendant’s motion for post-conviction relief was notarized on January 27, 1995. Accordingly, Defendant timely filed his Rule 3.850 motion for post-conviction relief.
Upon remand, we direct the trial court’s attention to only one of three issues raised by Defendant, Defendant’s ineffective assistance of counsel claim. In his motion for post-conviction relief, Defendant alleged that his appointed attorney told the jury that Defendant was, in fact, guilty of killing the victim. Defendant also alleged that his counsel then proceeded to attack the lack of physical evidence.
While defense counsel is entitled to broad discretion concerning trial strategy, where the trial court is confronted with a claim of ineffective assistance of counsel, an evidentiary hearing is usually required to determine whether the act or omission complained of was tactical. Anthony v. State, 660 So.2d 374, 376 (Fla. 4th DCA 1995). Moreover, Florida Rule of Appellate Procedure 9.140(g) provides that “unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evi-dentiary hearing.”
Because no record excerpts of defense counsel’s statements were attached to the order appealed, the record does not conclusively refute Defendant’s allegations of ineffective assistance of counsel. Accordingly, we reverse and remand for an evidentiary hearing to resolve the disputed issue as to defense counsel’s trial strategy in admitting Defendant’s guilt. On all other issues, we affirm.
REVERSED AND REMANDED.
DELL and STEVENSON, JJ., concur.