690 So.2d 714 (1997)
Larry Keith JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1076.
District Court of Appeal of Florida, Fourth District.
April 2, 1997.
*715 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant, Larry Keith Jackson, was tried by jury and convicted of possession of cocaine and marijuana. We reverse because the trial court abused its discretion in failing to grant a mistrial on two separate instances of improper prosecutorial conduct at trial, either one of which would have been sufficient by itself to require reversal.

THE FACTS
The police executed a search warrant for an apartment located in Broward County. Upon entering the apartment the police discovered marijuana, cocaine, and money on the coffee table and appellant in the bedroom. At trial, Detective Brent testified that Jackson had confessed that the drugs belonged to him. Jackson, however, took the witness stand and denied telling Brent that the drugs were his. Jackson testified that his friend, with whom he worked, drove him to the apartment around midnight or 1:00 a.m. the night before the search warrant was executed. He further testified that when he arrived there were approximately five or six people in the apartment who were socializing and drinking. Jackson stated that he had been drinking that night and continued to drink at the apartment, ultimately passing out, and that he awoke to loud noises and police officers with guns.
The following exchange took place during the prosecutor's cross examination of Jackson:
[State] ... Why don't you begin with the name of your friend that drove you to the residence. What is his name?
[Jackson] Jeff.
[State] Jeff what?
[Jackson] Jeff Brax.
. . .
[State] Do you think Jeff would have been a good witness?
[Dfns Cnsl] Your Honor, I'm going to object.
[Court] Sustained.
[Dfns Cnsl] Judge, I am objecting. Reserve for motion.
[State] Where is Jeff Brax today?
[Dfns Cnsl] Same Objection, Judge.
[Court] Sustained.

IMPROPER COMMENT ON DEFENDANT'S FAILURE TO CALL WITNESS
We agree with appellant that the highlighted questions posed by the prosecutor improperly suggested to the jury that appellant had the burden to call witnesses to prove his innocence. The general rule is that:
[D]ue process requires the state to prove every element of a crime beyond a reasonable doubt, and that a defendant has no obligation to present witnesses. Accordingly, the state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence.
Jackson v. State, 575 So.2d 181, 188 (Fla. 1991).
[4,5] There is, however, an exception to this rule which "allow[s] comment when the defendant voluntarily assumes some burden of proof by asserting the defenses of alibi, self-defense, and defense of others, *716 relying on facts that could be elicited only from a witness who is not equally available to the state. A witness is not equally available when there is a special relationship between the defendant and the witness."
Id. (emphasis added)(citing State v. Michaels, 454 So.2d 560, 562 (Fla.1984); Buckrem v. State, 355 So.2d 111, 112 (Fla.1978); Brown v. State, 524 So.2d 730, 731 (Fla. 4th DCA 1988); Romero v. State, 435 So.2d 318, 319 (Fla. 4th DCA 1983), review denied, 447 So.2d 888 (Fla.1984); Jenkins v. State, 317 So.2d 90, 91 (Fla. 1st DCA 1975)).
The supreme court recently clarified that the affirmative defenses mentioned in Jackson were not meant as an exhaustive list of the circumstances where the exception will apply. In Hayes v. State, 660 So.2d 257 (Fla.1995), the prosecutor elicited testimony from a witness regarding the defendant's failure to request that certain tests be conducted on physical evidence and then, during closing, the prosecutor referenced the defendant's failure to test hairs found at the crime scene. Id. at 265. On appeal, in determining whether the exception stated in Jackson applied, the supreme court stated:
In Jackson, we recognized an exception to the general rule that the prosecutor may not comment on the failure of the defense to call any witnesses when the defendant raises an issue for which the defense carries some burden of proof. Jackson, 575 So.2d at 188. For example, if a defendant claims an alibi, we have held that the State may comment on the failure of the defendant to call witnesses to substantiate the alibi. Buckrem v. State, 355 So.2d 111, 112 (Fla.1978). However, the exception cited by the State does not apply in the instant case because Hayes never put at issue any claim for which he carried any burden of proof and for which the prosecutor's comments would be relevant.
Id. (emphasis added). In Hayes, the court noted that it was the State who had first raised the issue of hair strands in opening and that "[d]efense counsel never assumed any responsibility for presenting the hair strands to the jury as part of an affirmative defense." Id. at 266 (emphasis added).
Likewise, in the instant case, appellant never raised an issue for which he carried, or voluntarily assumed, the burden of proof. The State argued two theories under which Jackson would be guilty of possession: (1) he admitted to the detectives that the drugs were his, or (2) he possessed the drugs because he was in control of the apartment. Jackson's defense was that the apartment was not his and that he was only present on the morning that the police executed the search warrant because he had attended a party there on the evening before, become intoxicated and passed out, that he was unaware that there were any drugs in the apartment, and that he did not state to the police officer that the drugs were his. This defense amounts to nothing more than a denial that the elements of the crime have been established.
Furthermore, the transcript reveals that it was not Jackson who made an issue of Brax or implied that Brax could support his story, but rather it was the prosecutor who made an issue of Brax. At no time did Jackson indicate that Brax could verify that no drugs were at the apartment or that Brax had been with him for the entire evening and could testify that the drugs found did not belong to Jackson. On direct examination, Jackson's testimony regarding Brax was limited to the fact that Brax was a co-worker who had driven him to the apartment the night before. Compare Buckrem v. State, 355 So.2d 111 (Fla.1978)(holding that where the defendant testified that he and his wife were at a friend's home at the time of the crime, the prosecutor's reference to the defendant's failure to call the wife and the friend was not reversible error).
We find that the exception set forth in Jackson v. State does not apply in the instant case and that, therefore, the prosecutor's questions regarding Brax's absence from trial were improper. We see no distinction between a prosecutor's improper argument that the defendant failed to call witnesses and improper questioning, which although unanswered, raises the same inference to the jury. This court will not promote the creation *717 of any safe harbors for improper trial tactics.
The State argues on appeal that any error was harmless since Detective Brent testified that Jackson admitted the drugs were his, and Jackson was the only person in the apartment at the time the search warrant was executed. We must reject the State's invitation to find harmless error. The testimony concerning whether Jackson confessed that the drugs were his is conflicting. Detective Philbrick testified that while he heard Brent read both the search warrant and Miranda rights to Jackson, he did not hear Jackson say anything to Brent concerning whether the drugs were his. Jackson denied living at the apartment and denied stating that the drugs were his. Based upon the testimony, it cannot be said that there was overwhelming evidence that Jackson confessed that the drugs were his nor can it be said that there was overwhelming evidence that Jackson had knowledge of the drugs' presence in the apartment.

IMPROPER CLOSING ARGUMENT SUGGESTING DEFENDANT WAS A DRUG DEALER
We also conclude that the prosecutor made the following improper closing argument, which should have resulted in the granting of appellant's motion for a mistrial:
[State] ... [C]ould it be this guy [Jackson] is actually trying to deal drugs? This wasn't some kind of party. These things are individually wrapped. Think about it.

If this guy [Jackson] is in there with all this money, by himself, not like there's a big party and this is just left around on the table the night before.
These are all individually wrapped. It's not as if someone was using them the night before.
[Defense Counsel] I don't like to interfere, but I must object and request afterwards permission for a side bar.
[Court] You may have a side bar after we are done. Objection is overruled; go ahead.
The prosecutor continued along the same vein and made additional improper argument which, for whatever reason, was not objected to by defense counsel.[1]
Following these remarks a side bar was held where defense counsel argued that such remarks were intended to inflame the jury, were improper since it suggested that Jackson was guilty of an offense greater than that with which he was charged, and, on those grounds, he moved for a mistrial. The prosecutor responded that his suggestion that Jackson was a drug dealer was proper in that it was a reasonable inference based upon the evidence. The trial judge denied the motion for a mistrial.
The State correctly points out that wide latitude is permitted in arguing to a jury, and counsel is allowed to advance all inferences that may be logically drawn from the evidence. Breedlove v. State, 413 So.2d 1, 8 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982); see also Mann v. State, 603 So.2d 1141, 1143 (Fla.1992), cert. denied, 506 U.S. 1085, 113 S.Ct. 1063, 122 L.Ed.2d 368 (1993)(holding that merely arguing conclusions which can be drawn from the evidence is "permissible fair comment"). However, the State has not cited, nor has this court found, any case law which supports the notion that the prosecutor may argue that the evidence suggests that the defendant is guilty of a crime greater than the one for which he has been tried.
Jackson was charged with possession, not sale, of marijuana and cocaine. The prosecutor's suggestion to the contrary served only to appeal to the emotions of the jurors and to suggest that Jackson was guilty of an evil with which he had not been charged. Cf. *718 Gleason v. State, 591 So.2d 278 (Fla. 5th DCA 1991)(holding that prosecutor's suggestion during closing argument that defendant, who was charged with attempted sexual battery and false imprisonment, had committed prior crimes and was about to commit murder to silence a witness was reversible error). Here, the prosecutor clearly insinuated to the jury that Jackson was a drug dealer. The prejudicial nature of this suggestion was greatly magnified by the prosecutor's subsequent argument that drugs are the "root of all crime" and that the jury had Jackson "to thank for all that." The State's closing argument was highly inflammatory, deprived appellant of a fair and impartial trial, and may have influenced the jury to reach the verdict which it did. See Spencer v. State, 645 So.2d 377, 383 (Fla.1994). Therefore, the trial court abused its discretion in denying Jackson's motion for a mistrial.
Accordingly, the judgment and sentence are REVERSED and this cause REMANDED for a new trial.
FARMER and GROSS, JJ., concur.
NOTES
[1] [State] "When we were in jury selection, one of the jurors who is not with us anymore mentioned something about drugs being the scourge of the earth, and they are the root of all crime. I can show you the person that we have to thank for all that, the defendant, who was in possession of all these drugs and who is now trying to shirk his responsibility." The prosecutor seemed to suggest that appellant was responsible for much of the drug-related criminal offenses in the entire community.