PER CURIAM.
We redesignate the instant case as the appeal of an order denying a motion to withdraw plea pursuant to rule 3.170(i), Florida Rules of Criminal Procedure. The trial court erred in treating it as a rule 3.850 motion because it was not filed within thirty days after sentencing, where sentencing occurred on February 5, 1998, and the motion was notarized by Department of Corrections personnel twenty-eight days later, on March 5, 1998. See Rector v. State, 668 So.2d 1104 (Fla. 4th DCA 1996); Olkewicz v. State, 633 So.2d 1132 (Fla. 4th DCA 1994). Moreover, the motion was date-stamped by the circuit court on Monday, March 9, 1998, which was within the thirty-day period ending on Saturday, March 7, as extended by rule 3.040 to the next regular weekday.
We summarily affirm the denial pursuant to Florida Rule- of Appellate Procedure 9.315(a), because Appellant’s claims of involuntary plea are refuted by the record. This denial is without prejudice to Appellant’s filing a timely sworn rule 3.850 motion for postconviction relief raising such issues as the ineffective assistance and newly discovered evidence claims, not cognizable in a motion to withdraw under rule 3.170(Z), which Appellant hinted at in his unsworn amended motion to withdraw plea and which he argues in his initial brief..
POLEN, GROSS and HAZOURI, JJ., concur.