ON MOTION FOR REHEARING

GRIFFIN, J.
After a jury trial, Michael Persaud was convicted of robbery with a firearm. At sentencing, the trial court departed upward from the sentencing guidelines and entered an order sentencing him to life in prison with a three-year mandatory minimum. He sought review of the trial court’s order summarily denying his Rule 3.850motion for post-conviction relief. He also sought review of the order refusing to transfer the ineffective assistance of appellate counsel claim contained in his Rule 3.850motion to this court, which is its proper forum. The trial court had denied the motion to transfer on the ground that the motion was untimely filed. We issued a per curiam affirmance.
Persaud seeks rehearing, claiming entitlement to a written opinion because he was “deprived of a merits determination” on the timeliness issue. Although we adhere to our view that this appeal is properly decided without an opinion, we grant the motion for rehearing to discuss the timeliness issue.
The trial court reasoned that the motion was untimely because it was filed on October 19, 2000, more than two years after issuance of this court’s mandate on September 10, 1998, which followed the issuance of our opinion in Persaud’s direct appeal. Issuance of the mandate is the usual date from which to measure the two-year time period. If this court writes an opinion, however, and the defendant seeks discretionary review in the Supreme Court of Florida, the time for filing post-conviction motions is tolled until proceedings in the supreme court are concluded. Rector v. State, 668 So.2d 1104 (Fla. 4th DCA 1996); Brown v. State, 617 So.2d 1105 (Fla. 1st DCA 1993). Here, the mandate issued on September 10, 1998; however, timely review of our opinion was sought in the supreme court. The Supreme Court of Florida denied review on October 20, 1999, and the motion for post-conviction relief was filed on October 19, 2000. As such, it was timely filed. The trial court was wrong to refuse to transfer it and we have treated it as having been transferred to this court. The motion for ineffective assistance of appellate counsel is, however, completely devoid of any merit. Nor is there any merit to the illegal sentence *52 claim based on Heggs v. State, 759 So.2d 620 (Fla.2000). Accordingly, we affirm.
AFFIRMED.
PETERSON and THOMPSON, JJ„ concur.