ORFINGER, J.
 

 Eduardo Filomeno appeals the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court concluded that his motion was untimely and denied it on that basis, and not on the merits. The State properly concedes error. We reverse and remand for the trial court to consider the motion on the merits.
 

 Filomeno’s timely filing of a petition to review the written opinion of this Court in his direct appeal tolled the time for filing a rule 3.850 motion until the supreme court denied review.
 
 See Coates v. State,
 
 937 So.2d 1143 (Fla. 5th DCA 2006). Rule 3.850 provides that a motion for relief must be filed within “two years after the judgment and sentence become final.” If no review is sought in the United States Supreme Court, the judgment and sentence become final when direct review proceedings are completed and jurisdiction to entertain the motion for postconviction relief returns to the trial court.
 
 See Huff v. State,
 
 569 So.2d 1247, 1251 (Fla.1990);
 
 Hilbert v. State,
 
 540 So.2d 227, 227 (Fla. 5th DCA 1989). Here, the Florida Supreme Court denied review on October 25, 2006. Consequently, Filomeno’s motion,
 
 *1093
 
 filed August 7, 2008, was timely.
 
 [1]
 

 REVERSED and REMANDED.
 

 PALMER, C.J. and TORPY, J., concur.
 

 [1]
 

 . Under
 
 Beaty v. State,
 
 701 So.2d 856 (Fla.1997), the two-year time limit to file a motion under rule 3.850 is not tolled by seeking review of a per curiam affirmance in the supreme court. However, in this case, Filome-no sought review of a written opinion of this Court in the supreme court.