826 So.2d 1006 (2001)
Eddie JEFFERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2911.
District Court of Appeal of Florida, Third District.
January 17, 2001.
Rehearing Denied February 14, 2001.
Eddie Jefferson, in proper person.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and SORONDO, and RAMIREZ, JJ.

CONFESSION OF ERROR
PER CURIAM.
Appellant Eddie Jefferson appeals the denial of his motion for post conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm the trial court's denial of the voluntariness of plea claim and remand the case to the trial court to correct sentence.
Jefferson was charged with attempted first degree murder on September 9, 1996. He entered a plea of no contest on November 17, 1997, was adjudicated guilty and sentenced to twenty years in Florida state prison with a fifteen year minimum mandatory term followed by ten years probation. He was also adjudicated an habitual *1007 violent felony offender and awarded 457 days as credit for time served.
On or about March 2, 1998, Jefferson filed a notice of belated appeal which was dismissed as untimely on April 9, 1998. See Jefferson v. State, 717 So.2d 1024 (Fla. 3d DCA 1998). He filed his motion for post conviction relief on August 11, 2000, which the trial court denied, and timely filed a notice of appeal in which he raises two issues: the voluntariness of his plea and the propriety of his sentence under the 1995 sentencing guidelines. We find that the trial court properly denied the voluntariness of plea claim as procedurally time barred. The fifteen year minimum mandatory sentence, however, is improper and should be stricken.
Jefferson is procedurally time barred from raising the issue of the voluntariness of his plea by motion for post conviction relief. See Fla. R.Crim. P. 3.850; § 924.051, Fla. Stat. (1999). Additionally, his reliance on Heggs v. State, 759 So.2d 620 (Fla.2000) is misplaced because the Heggs decision did not change the sentencing provisions for habitual violent felony offenders. See McKenzie v. State, 738 So.2d 436 (Fla. 3d DCA 1999).
The State concedes, however, that under the authority of Everett v. State, 770 So.2d 192 (Fla. 2d DCA 2000), Jefferson's minimum mandatory sentence of fifteen years is improper. The life felony was added to section 775.082(4)(b)1, Florida Statutes (1995), by chapter 95-182, Laws of Florida, which has since been declared unconstitutional. Jefferson's offense occurred within the time frame applicable for challenges to chapter 95-182. See Johnson v. State, 763 So.2d 283 (Fla.2000); Salters v. State, 758 So.2d 667, 671 (Fla.2000)(applicable window period for challenges to chapter 95-182 commenced on or after October 1, 1995 and before May 24, 1997). Therefore, the fifteen year minimum mandatory sentence provided by section 775.082(4)(b)1 is not applicable to Jefferson.
Accordingly, we affirm the denial of Jefferson's motion for post conviction relief as to the voluntariness of plea issue and remand to the trial court to correct the sentence by removing the fifteen year minimum mandatory sentence.
Affirmed in part, reversed in part, and remanded.