889 So.2d 123 (2004)
Steven FLOWERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-106.
District Court of Appeal of Florida, Fourth District.
November 24, 2004.
Rehearing Denied January 7, 2005.
Steven Flowers, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals the denial of his petition for writ of habeas corpus. His *124 petition requested the trial court to consider a belated motion for post-conviction relief and alleged that his privately-retained counsel had neglected to file the motion in a timely manner. The trial court summarily denied the petition. We reverse.
A defendant "might be entitled to file a belated motion for post-conviction relief if the actions of [his] attorney [frustrate his] intention to file such a motion in a timely fashion." See Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987). In this case, the defendant alleged he retained private counsel to file a motion for post-conviction relief, but his attorney failed to do so. The record indicates the attorney advised the defendant he would not be doing any more work for the defendant because he had not been paid. The defendant received this information in sufficient time for the defendant to timely file the motion. Thus, it would appear that the trial court properly denied the petition.
However, the petition also alleged that the attorney "frustrated appellant's intentions to file a post conviction motion on his own behalf, by counsel receiving and being totally uncooperative in not returning [sic] appellant with his transcripts and documents concerning his case, that would be helpful in drafting his motion, after counsel agreed, but failed to file a timely post conviction claim against his revocation counsel...." This allegation raises a factual issue not refuted by the record. We therefore reverse and remand the case for the trial court to conduct an evidentiary hearing to determine whether appellant retained counsel to timely file a Florida Rule of Criminal Procedure 3.850 motion; and if so, whether retained counsel frustrated the defendant's ability to file his own motion by withholding records once counsel advised the defendant he would not be doing any further work for him. See Id.
FARMER, C.J., GUNTHER and MAY, JJ., concur.