979 So.2d 1089 (2008)
Mario DE LA ROSA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2535.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Mario De La Rosa, in proper person.
Bill McCollum, Attorney General, and Ansley B. Peacock, Assistant Attorney General, for appellee.
Before SHEPHERD, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, Judge.
In 1999, the defendant, Mario De La Rosa ("De La Rosa"), pled guilty to robbery, burglary with assault or robbery, and third degree grand theft. He was designated a habitual violent felony offender, and was sentenced to jail followed by a term of probation. In 2001, De La Rosa was found guilty of violating his probation, and the written sentencing order indicates that he was sentenced to a prison term as a habitual violent felony offender. Thereafter, De La Rosa's conviction and sentence were affirmed on appeal. De La Rosa v. State, 846 So.2d 521 (Fla. 3d DCA 2003).
In August 2005, De La Rosa filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, seeking postconviction relief, setting forth six grounds. The motion was filed beyond the two-year time limit set forth in rule 3.850(b), however, De *1090 La Rosa argued that, pursuant to rule 3.850(b)(3), his untimely motion should be considered because he retained two attorneys to file a timely rule 3.850 motion, but these attorneys, through neglect, failed to do so.
The trial court conducted an evidentiary hearing to determine whether De La Rosa was entitled to a belated rule 3.850 motion. After hearing testimony from De La Rosa, his mother, and the two attorneys, the trial court denied De La Rosa's motion as time barred, finding that he "failed to prove that [the two attorneys] through neglect failed to file a motion for post conviction relief or even that they failed to perform the obligation for which they were retained on behalf of the defendant in this case." This timely appeal followed.
De La Rosa contends that the trial court erred by finding that he did not prove that the two attorneys, through neglect, failed to file a timely motion for postconviction relief. We disagree as the trial court's finding is supported by the evidence and testimony presented at the hearing. See Flowers v. State, 889 So.2d 123 (Fla. 4th DCA 2005).
Next, De La Rosa contends that even if this Court concludes that he failed to establish that he is entitled to a belated rule 3.850 motion, the trial court erred by denying several grounds of his motion as time barred where the arguments asserted in those grounds can be raised at any time in a motion to correct illegal sentence. Fla. R.Crim. P. 3.800(a).
While we agree that a claim raised pursuant to rule 3.850 may be treated as filed under rule 3.800(a) if cognizable under rule 3.800(a), De La Rosa's assertion, that the State failed to serve him with a written notice of intent to habitualize prior to entering plea, is not a claim cognizable under rule 3.800(a). See Hope v. State, 766 So.2d 343, 344 (Fla. 5th DCA 2000) (holding that State's failure to serve defendant with a written notice of intent to habitualize prior to entering plea "does not make his sentence illegal under rule 3.800(a) and may not be reviewed under that rule"). We, therefore, affirm the trial court's denial of that claim.
We do agree, and the State has properly conceded, that De La Rosa's argument  whether the trial court's written sentencing order designating the defendant as a habitual violent felony offender comports with the trial court's oral pronouncements at the revocation of probation hearing  is a claim that can be raised at any time under rule 3.800(a). See Wilder v. State, 967 So.2d 1004, 1005 (Fla. 1st DCA 2007) (holding that defendant's claim that trial court's written sentencing order, which includes a habitual felony offender designation, does not comport with trial court's oral pronouncement, which did not include a habitual felony offender designation, is cognizable under a rule 3.800(a) motion, and therefore, trial court should have treated untimely rule 3.850 motion as one filed pursuant to rule 3.800(a)). As the trial court did not rule on the merits of this claim, and the postconviction record before us does not refute or support De La Rosa's assertion, we reverse and remand to the trial court with directions to treat the argument as filed pursuant to rule 3.800(a), and to reverse the imposition of the habitual violent felony offender designation if the trial court's oral pronouncements at the violation of probation proceedings do not indicate that De La Rosa was being sentenced as a habitual violent felony offender. See Catalan v. State, 911 So.2d 203, 204 (Fla. 3d DCA 2005) (holding that written order adjudicating defendant a habitual felony offender must be corrected to conform to trial court's oral pronouncement of sentence, which did not include habitual felony offender adjudication).
*1091 Lastly, De La Rosa claims that the trial court used an illegal scoresheet when calculating his guidelines sentence. In sentencing De La Rosa, the trial court used a 1995 scoresheet which relied on a sentencing scheme later held to be unconstitutional in Heggs v. State, 759 So.2d 620 (Fla. 2000). This Court, however, has previously determined that the Heggs ruling does not affect those properly sentenced as a habitual violent felony offender. See Jefferson v. State, 826 So.2d 1006 (Fla. 3d DCA 2001); McKenzie v. State, 738 So.2d 436, 436 (Fla. 3d DCA 1999); see also Arce v. State, 762 So.2d 1003 (Fla. 4th DCA 2000) (holding that a habitual offender sentence is not subject to the sentencing guidelines; therefore, defendant was not entitled to relief pursuant to Heggs). However, because we are remanding this case to determine whether De La Rosa's habitual offender sentence comports with the oral pronouncement, if it is determined that the trial court's oral pronouncement of sentence did not include a habitual violent felony offender designation, we remind the trial court that the defendant must be resentenced pursuant to the 1994, not the 1995, sentencing guidelines scoresheet.
Affirmed in part; reversed in part; and remanded with directions.