PER CURIAM.
We affirm the trial court’s order denying appellant’s Rule 3.850 motion for postcon-viction relief as untimely. Fla. R.Crim. P. 3.850(b).
Although appellant alleges that the Rule 3.850(b)(3) exception to the two-year time limit applies, i.e., that he retained counsel to file the postconviction motion and counsel through neglect failed to do so, by his own allegations appellant learned that retained counsel had not filed a motion within sufficient time to file a motion of his own, nearly a year before the two-year time limit expired. See Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999) (creating the Rule 3.850(b)(3) exception and recognizing that the attorney’s neglect must be the proximate cause of motion’s untimeliness).[1]
Appellant does not allege that retained counsel frustrated his ability to timely file a motion. Cf. Flowers v. State, 889 So.2d 123 (Fla. 4th DCA 2004). See also Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987) (concluding that prisoner “might be entitled to file a belated motion for postconviction relief if the actions of her attorney had frustrated her intention to file such a motion in a timely fashion”).

Affirmed.

POLEN, TAYLOR and MAY, JJ., concur.

. Typically, as in Steele, the Rule 3.850(b)(3) exception is applied when retained counsel files the motion outside the two-year time frame.