CONFESSION OF ERROR
 

 LAGOA, J.
 

 Mario De La Rosa appeals the sentence imposed following this Court’s decision in
 
 De La Rosa v. State,
 
 979 So.2d 1089 (Fla. 3d DCA 2008). Based on the State’s confession of error, we vacate the sentence and remand with directions.
 

 In
 
 De La Rosa,
 
 979 So.2d at 1089, this Court reversed an order denying De La Rosa’s motion for postconviction relief and remanded for a determination whether the trial court’s oral pronouncements at the
 
 *239
 
 sentencing hearing indicated that the court sentenced De La Rosa as a habitual violent felony offender. This Court further instructed the trial court that “if it is determined that the trial court’s oral pronouncement of sentence did not include a habitual violent felony offender designation, we remind the trial court that the defendant must be resentenced pursuant to the 1994, not the 1995, sentencing guidelines score-sheet.”
 
 Id.
 
 at 1090.
 

 On remand, the trial court concluded that it did not orally pronounce a habitual violent felony offender sentence. The court struck the habitual violent felony offender designation and resentenced De La Rosa using a 1995 guidelines score-sheet. De La Rosa was not present or represented by counsel at the hearing.
 

 De La Rosa appeals the sentence, contending that the trial court erred in resen-tencing him pursuant to the 1995 guidelines scoresheet and that he was entitled to be represented by counsel and to be present at the resentencing hearing. The State correctly concedes that the trial court failed to follow this Court’s mandate. In contravention of the express language of this Court’s decision, the trial court failed to recalculate De La Rosa’s sentence pursuant to the 1994 guidelines scoresheet when it struck the habitual violent felony offender designation.
 

 Accordingly, we vacate the sentence and remand for resentencing pursuant to the 1994 sentencing guidelines scoresheet. As also conceded by the State, De La Rosa has the right to be present and to be represented by counsel at the resentencing hearing.
 
 See Mullins v. State,
 
 997 So.2d 443 (Fla. 3d DCA 2008);
 
 Wilson v. State,
 
 947 So.2d 1225 (Fla. 1st DCA 2007);
 
 Orta v. State,
 
 919 So.2d 602 (Fla. 3d DCA 2006).
 

 Sentence vacated and cause remanded for resentencing.