# Third District Court of Appeal

## State of Florida

Opinion filed February 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2673
Lower Tribunal No. 97-6088A
_____

**Alex Gutierrez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Alex Gutierrez, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

EMAS, J.

Alex Gutierrez appeals the trial court's order summarily denying his motion to correct illegal sentence. Gutierrez contends that his habitual violent felony offender sentences are illegal under Heggs v. State, 759 So. 2d 620 (Fla. 2000)[1] and that his crimes were committed on February 20, 1997, within the Heggs window.[2]

While Gutierrez is correct that he committed his crimes within the Heggs window, he is incorrect in asserting that the sentences are illegal, because Heggs is inapplicable to a defendant who was sentenced as a habitual violent felony offender.

Section 775.084(4)(e), Florida Statutes (1994), which provision existed prior to the unconstitutional 1995 amendments to the sentencing guidelines, provided that a defendant who is sentenced as a habitual felony offender or a habitual violent felony offender is not subject to the sentencing guidelines provisions of section 921.001, Florida Statutes. Therefore, the 1995 sentencing guidelines, and the Heggs decision striking down those guidelines as unconstitutional, has no application to the non-guidelines sentences imposed on Gutierrez in the instant case. De La Rosa v. State, 979 So. 2d 1089 (Fla. 3d DCA 2008) (holding that the

---

[1] In Heggs, the Florida Supreme Court held that the 1995 sentencing guidelines (chapter 95-184, Laws of Florida) were unconstitutional, having been adopted in violation of the single-subject rule contained in Article III, section 6 of the Florida Constitution.

[2] See Trapp v. State, 760 So. 2d 924 (Fla. 2000) (applying Heggs to offenses committed between October 1, 1995 and May 24, 1997).

Florida Supreme Court's decision in <u>Heggs</u> does not affect a defendant who was properly sentenced as a habitual violent felony offender); <u>Stanley v. State</u>, 947 So. 2d 627 (Fla. 3d DCA 2007) (holding that defendant's sentence was not illegal under <u>Heggs</u> where defendant was sentenced as a habitual felony offender); <u>Jefferson v. State</u>, 826 So. 2d 1006 (Fla. 3d DCA 2001) (affirming denial of a <u>Heggs</u> challenge to the legality of a sentence where defendant designated and sentenced as a habitual violent felony offender).

Affirmed.