DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLAY ROBINSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-426

[August 14, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona Maxine Holmes, Judge; L.T. Case Nos. 04-020572CF10A, 05-001162CF10A, 05-001163CF10A and 05-001164CF10A.

Clay Robinson, Miami, pro se.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Clay Robinson appeals the circuit court's order summarily denying his Florida Rule of Criminal Procedure 3.850 motion as untimely and successive. We affirm in part, reverse in part, and remand for further proceedings.

The State charged Robinson in four separate felony prosecutions. The court consolidated the four cases, and Robinson entered no contest pleas in each. In 2006, after sentencing, Robinson appealed the four judgments and sentences.[1] But Robinson also moved in 2006 to withdraw his plea in all four cases, pursuant to Florida Rule of Criminal Procedure 3.170(*l*). The motion to withdraw his plea remained pending in the circuit court until it was denied in 2011. Robinson appealed the denial of his Rule

---

[1] Robinson's appeals were docketed in this Court as case numbers 4D06-236, 4D06-237, 4D06-238, and 4D06-954. In this opinion, we collectively refer to these four appeals as *Robinson I*.

3.170(*l*) motion, and we affirmed in 2013.  *Robinson v. State* (*Robinson III*), 123 So. 3d 578, 578 (Fla. 4th DCA 2013).

While Robinson's Rule 3.170(*l*) motion was pending in the circuit court, this Court dismissed the four *Robinson I* direct appeals by unpublished orders for various procedural reasons.  In a separate appeal, this Court affirmed the denial of an earlier Rule 3.850 motion Robinson filed—involving the same four convictions and sentences—while the Rule 3.170(*l*) motion was pending.  *Robinson v. State* (*Robinson II*), 44 So. 3d 136, 137 (Fla. 4th DCA 2010).  But with Robinson's Rule 3.170(*l*) motion still pending, his convictions and sentences did not become final until 2013 when this Court's mandate issued in *Robinson III*.  This Court therefore lacked jurisdiction to consider the *Robinson I* and the *Robinson II* appeals.  *See Wilson v. State*, 128 So. 3d 898, 899 (Fla. 4th DCA 2013) ("A timely rule 3.170(*l*) motion to withdraw plea after sentencing defers rendition of the final order." (citing Fla. R. App. P. 9.020(i)(1))).

Turning to the present appeal, Robinson filed a Rule 3.850 motion in March 2015.[2]  The Rule 3.850 motion, as timely amended, included nine claims.  The State responded, addressing many of the nine claims.  The court denied the motion as untimely and successive.

The State now concedes that it "appears under this Court's precedents and the Florida Rules of Appellate Procedure as though the time to file a timely motion for postconviction relief did not commence until December 13, 2013, when [the] mandate issued in" *Robinson III*.  We accept the State's concession that Robinson's Rule 3.850 motion was timely.

But that does not end our inquiry.  We may affirm the denial of a Rule 3.850 motion for reasons other than those stated by the circuit court, and we do so, in part, here.  *See Montero v. State*, 996 So. 2d 888, 890 (Fla. 4th DCA 2008).  But, based on the State's response to Robinson's motion, we reverse the trial court's denial of three of Robinson's claims: claims six, seven, and nine.

In claim six, Robinson alleged his counsel rendered ineffective assistance by failing to relay a plea offer.  The State argued the claim should be denied as untimely, and the court agreed.  As explained above, that was error.  To prevail on this claim, Robinson was required to allege and prove "that (1) he . . . would have accepted the offer had counsel

---

[2] Robinson also filed a pro se Rule 3.850 motion on March 17, 2015.  We agree with the State that the March 17, 2015 motion was a nullity.  *See Smith v. State*, 213 So. 3d 722, 741 (Fla. 2017).

advised [him] correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013) (citing *Missouri v. Frye*, 566 U.S. 134, 147-48 (2012)). Robinson failed to allege that the State would not have withdrawn the offer and that the court would have accepted the offer. So the motion was insufficient. But we reverse the court's order to allow Robinson the opportunity to amend his motion to address these deficiencies if he can do so in good faith. *See Mitchell v. State*, 165 So. 3d 748, 749 (Fla. 4th DCA 2015) (citations omitted).

For claim seven, Robinson argued he received ineffective assistance of counsel when his counsel failed to object or correct "affirmative misadvice" by the court about the statutory maximum and mandatory minimum sentences he faced. The State's written response failed to adequately address this claim beyond the issue of timeliness. Because the motion was timely and the State failed to refute this claim, we direct the court to consider this claim on remand.

Finally, in amended claim nine, Robinson challenged the legality of his 20-year mandatory minimum sentence for discharge of a firearm during a burglary in one of the four cases against him. The court sentenced Robinson to the mandatory minimum for discharge of a firearm, but he claimed that he was not charged with discharge of a firearm. He also alleged he received ineffective assistance of counsel for counsel's failure to raise this sentencing issue. The State failed to address this claim in its response. On remand, the court should address this challenge to the sentence and the related claim for ineffective assistance of counsel.

In conclusion, we reverse the court's denial of claims six, seven, and nine in Robinson's amended Rule 3.850 motion and remand for further proceedings as to those claims. The remainder of the court's order is affirmed.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

GERBER and CONNER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

3