575 So.2d 303 (1991)
Robert David FERRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2600.
District Court of Appeal of Florida, Fourth District.
February 27, 1991.
Robert D. Ferris, Raiford, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Ferris appeals from a denial of a second 3.850 motion for post-conviction relief. He alleges ineffective assistance of trial counsel. Appellant claims that in his previous 3.850 motion the ineffective counsel issue was not resolved because he requested delayed consideration of that issue until he was appointed counsel or was able to more fully develop the facts.
The trial court denied appellant's second post-conviction motion as being untimely and verbose. We reverse the trial court's denial of that motion. Appellant *304 filed his motion on July 13, 1990. Since the mandate in the direct appeal was issued on August 8, 1988, the judgment and sentence were not final for purposes of Florida Rule of Criminal Procedure 3.850 until that date. Therefore, the motion was timely filed within the two year period provided by the rule. Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987). Furthermore, although the motion is lengthy because it incorporates a repetitious memorandum of law, it is a pro se motion and should be accorded a liberal interpretation. Thomas v. State, 164 So.2d 857 (Fla. 2d DCA 1964); Andrews v. State, 160 So.2d 726 (Fla. 3d DCA 1964). Appellant's motion raises adequate grounds.
The appellee contends that the denial should nevertheless be affirmed upon other grounds. It maintains that this second motion for post-conviction relief was properly denied in any event since the only ground asserted, ineffectiveness of trial counsel, could have been presented in appellant's first post-conviction motion.
Appellant presented the trial court with a showing, pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that his trial counsel's performance may have been deficient and that the deficiency prejudiced him. Although appellant failed to resolve the ineffectiveness claim in his initial motion, the justification he has offered warrants the trial court's consideration of it at this time. Cf. Witt v. State, 465 So.2d 510 (Fla. 1985); Ames v. State, 518 So.2d 465 (Fla. 1st DCA 1988).
Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing or to attach records that will show that appellant is entitled to no relief on his claim of ineffective assistance of counsel. Kruger v. State, 566 So.2d 373 (Fla. 4th DCA 1990).
ANSTEAD, STONE and WARNER, JJ., concur.