968 So.2d 679 (2007)
Daniel Paul PERLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3389.
District Court of Appeal of Florida, Fourth District.
November 14, 2007.
Daniel Paul Perley, Tampa, pro se.
No appearance required for appellee.
WARNER, J.
We reverse the trial court's order denying appellant's motion for postconviction relief. The court determined that the motion was premature. Because the conviction and sentence for which postconviction relief was sought was final, the motion was not premature.
Appellant was convicted and sentenced for one count of escape and two counts of resisting an officer without violence. He appealed his convictions. In Perley v. State, 947 So.2d 672 (Fla. 4th DCA 2007), we affirmed his conviction for resisting without violence but reversed the conviction of escape for a new trial.
After the appeal, appellant filed a motion for postconviction relief as to the resisting conviction but not as to the escape for which a new trial was scheduled. The trial court denied the motion on the ground that the case was not "final" because of the retrial for escape, and appellant would have his postconviction remedy available once his trial on the escape charge was concluded. Appellant timely moved for rehearing. By the time the trial court ruled on the motion, appellant had been acquitted of the escape charge. The court ruled that the case was "closed" before the defendant filed his motion for reconsideration. The court deemed the matter "moot." This appeal follows.
*680 Florida Rule of Criminal Procedure 3.850 provides a time limitation of two years to bring a motion for postconviction relief. It states:
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case. . . .
(emphasis added). A judgment and sentence are deemed final "when any such direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court." Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987). See also Ferris v. State, 575 So.2d 303 (Fla. 4th DCA 1991).
For the purposes of appellant's conviction for resisting arrest, all review was concluded when the conviction was affirmed, and jurisdiction was returned to the trial court. No further action could be taken as a result of the affirmance. Therefore, the court had jurisdiction to consider the motion for postconviction relief directed to this conviction and sentence.
We therefore reverse the denial of the motion on the grounds that it was premature or "moot." We remand for consideration of the motion on its merits.
SHAHOOD, C.J., and STEVENSON, J., concur.