DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BILLY JAMES LEWIS, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4178

[June 1, 2016]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 04-5773 CF10A.

Billy Lewis, South Bay, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Billy James Lewis, Jr. appeals the summary denial of his rule 3.850 motion for post-conviction relief. We conclude that the motion was untimely filed and affirm.

Lewis was convicted of attempted robbery with a firearm, armed kidnapping with a firearm, aggravated assault with a firearm, and resisting arrest with violence. On direct appeal, we reversed the kidnapping conviction but otherwise affirmed. *Lewis v. State*, 50 So. 3d 86 (Fla. 4th DCA 2010). The mandate issued on January 7, 2011. Lewis sought review in the Florida Supreme Court, but his petition was voluntarily dismissed on May 19, 2011. *Lewis v. State*, 64 So. 3d 118 (Fla. 2011). On June 22, 2011, the trial court entered an order vacating the conviction and sentence for kidnapping.

Lewis filed this rule 3.850 motion on June 19, 2013, challenging his remaining convictions. The State argued that the motion was without merit and untimely because it was filed more than two years after the direct appeal mandate issued on January 7, 2011. Lewis claimed the

judgment and sentence did not become final until after the trial court vacated the conviction and sentence for kidnapping on June 22, 2011. The trial court denied the motion, adopting the State's response. Lewis appeals.

A judgment and sentence become final for the purpose of rule 3.850 when any direct review proceedings have concluded and jurisdiction to entertain a post-conviction motion returns to the trial court. *Ward v. Dugger*, 508 So. 2d 778, 779 (Fla. 1st DCA 1987). In this case, as to the convictions for attempted robbery, aggravated assault, and resisting arrest, the judgment and sentence became final when the convictions were affirmed and review in the Florida Supreme Court was dismissed on May 19, 2011. *See Perley v. State*, 968 So. 2d 679, 680 (Fla. 4th DCA 2007) (holding that where a defendant appeals multiple convictions and one is reversed for further proceedings but the others are affirmed, the time for post-conviction relief on the affirmed convictions begins to run when jurisdiction is returned to the trial court). Lewis's motion, filed more than two years later, was untimely. Fla. R. Crim. P. 3.850(b).

*Affirmed.*

WARNER, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***