IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SCOTTY BARTEK,

      Appellant,

v.                                                                              Case No.  5D15-1186

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Marion County,
Hale R. Stancil, Judge.

Christian W. Waugh, of Waugh Law, P.A.,
Lady Lake and Stanley w. Plappert, of The
Florida Legal Advocacy Group, P.A., Ocala,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marie T. Rives, Assistant
Attorney General, Daytona Beach, for
Appellee.


PALMER, J.

      Scotty Bartek appeals the trial court's order dismissing his petition seeking

compensation under Florida's Victims of Wrongful Incarceration Compensation Act (the

Act). See §§ 961.01-07, Fla. Stat. (2014). Determining that the trial court was correct in dismissing Bartek's petition as untimely filed, we affirm.[1]

Bartek was convicted on two counts of sexual battery upon a child under twelve years of age and sentenced to a term of life in prison. After twenty-two years of incarceration, he filed a post-conviction motion seeking a new trial based on newly discovered evidence. The motion alleged that post-conviction relief was warranted because the victim had recanted her statement that Bartek had sexually battered her. Upon review, the trial court entered an order vacating Bartek's conviction and ordering that he be re-tried. The State appealed, but we per curiam affirmed. State v. Bartek, 127 So. 3d 526 (Fla. 5th DCA 2013). Our mandate was issued on December 20, 2013, and on February 27, 2014, the State entered a nolle prosequi in Bartek's case.

On May 20, 2014, Bartek filed a petition for Compensation for Wrongful Incarceration. The State opposed the petition, arguing that it was untimely filed. Agreeing with the State, the trial court dismissed the petition as untimely. This appeal followed.

Bartek argues that the trial court erred in dismissing his petition as untimely because it was filed within ninety days of the filing of the nolle prosequi. We disagree.

"Statutory construction is a question of law . . . subject to de novo review." Fla. Carry, Inc. v. Univ. of Fla., 180 So. 3d 137, 142 (Fla. 1st DCA 2015) (citations omitted).

The Act provides that a person must file a petition seeking compensation within 90 days after the order vacating a conviction and sentence becomes final. § 961.03(1)(b)1., Fla. Stat. (2014). The Act does not mention the State's filing of a nolle prosequi. As the

---

[1] Jurisdiction is proper pursuant to rule 9.030(b)(1)(A) of the Florida Rules of Appellate Procedure. See, e.g., Van Poyck v. State, 54 So. 3d 567 (Fla. 3d DCA 2011); Fessenden v. State, 52 So. 3d 1 (Fla. 2d DCA 2010).

trial court aptly observed in its dismissal order, "[t]he plain language of the statute requires a defendant to file the petition within 90 days after the order vacating a conviction and sentence becomes final, not upon the State entering a nolle prosequi."

As such, Bartek had only until March 20, 2014, to file a petition seeking compensation. Thus, his May 20, 2014 petition was untimely filed. See generally Ward v. Dugger, 508 So. 2d 778, 779 (Fla. 1st DCA 1987) (interpreting the phrase "become final" in rule 3.850(b) as being the date mandate issued). Accord Beaty v. State, 701 So. 2d 856, 857 (Fla. 1997); Lewis v. State, 41 Fla. L. Weekly D1288 (Fla. 4th DCA June 1, 2016); Breland v. State, 58 So. 3d 326, 327 (Fla. 1st DCA 2011).

We have reviewed Bartek's other claims of error and find them to be without merit.


AFFIRMED.


TORPY and LAMBERT, JJ., concur.