DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID KELLY BREWSTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1980

[June 13, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case Nos. 312002CF1339A, 312002CF720A, 312002CF001483A.

David K. Brewster, Ft. Pierce, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

*ON MOTION FOR REHEARING*

WARNER, J.

We deny the motion for rehearing but grant appellant's motion for written opinion. We withdraw the per curiam affirmance and substitute the following in its place.

Appellant, David Brewster, appeals an Order Denying Motion for Damages, for Return of Restitution and Compensation, which the court dismissed as untimely filed pursuant to section 961.03, Florida Statutes (2017). The court also ruled that *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), requiring the return of fees, costs, and restitution after a conviction has been overturned, could not be applied retroactively. We agree with the trial court and affirm.

Appellant was originally charged in case number 02-720 with grand theft and uttering a forged instrument. In another case, 02-1339, he was charged with executing a scheme to defraud a financial institution, and in a third case, 02-1483, he was charged with counterfeiting a license tag.

He entered into a plea agreement with the State on all three charges, whereby he agreed to plead no contest and to pay restitution in 02-720 and 02-1339. In turn, he would be sentenced to a three-year term of probation in 02-1339. The trial court entered a final judgment of conviction and sentence upon the charges.

Subsequently, in 2009, a federal court vacated his conviction in 02-1339.[1] *Brewster v. McNeil*, 720 F. Supp. 2d 1369 (S.D. Fla. 2009). Brewster then filed a motion to correct sentence. He argued that the vacation of his conviction in 02-1339 affected his negotiated plea agreement in the other two cases. The trial court rejected this argument as the restitution payments were part of a plea agreement on all three cases, and the convictions on the other two had not been vacated.

Years later, in 2017, appellant filed in all three cases a "Motion for Damages, For Return of Restitution and Compensation Pursuant to *Nelson v. Colorado*, 581 U.S. —, 137 S. Ct. 1249 (2017)." Appellant sought the return of the restitution amounts paid in 02-720 and 02-1339. He also sought damages for his illegal detention and false imprisonment. The trial court denied the relief on the grounds that the petition was untimely filed pursuant to section 961.03, Florida Statutes (2017), the Wrongful Conviction Act. The court also concluded that neither the U.S. Supreme Court nor the Florida Supreme Court has held that *Nelson* applies retroactively. The court dismissed his motion for return of restitution and compensation. Brewster now appeals the trial court's dismissal of his motion.

We review the trial court's ruling de novo, as statutory construction is a question of law. *See Bartek v. State*, 198 So. 3d 1009 (Fla. 5th DCA 2016).

Pursuant to section 961.01, Florida Statutes (2017), the legislature created the Victims of Wrongful Incarceration Compensation Act, permitting compensation to persons wrongfully convicted of crimes. Under the act, a person is entitled to compensation for wrongful incarceration, including costs, fines, and attorney's fees, due to his wrongful conviction. § 961.06, Fla. Stat. (2017). Section 961.03(1)(b)1., Florida Statutes (2017), requires that a petition for compensation be filed within ninety days of the order vacating the conviction. In appellant's case,

---

[1] The federal opinion explains that he was convicted under section 655.0322(6), Florida Statutes, which was modeled on the federal bank fraud statute, for passing bad checks. The court held that writing a check which is unsupported by sufficient funds is not a fraudulent representation to a bank.

the federal court order, resulting in the dismissal of his conviction, was entered in 2009.  Under section 961.03(1)(b)1., appellant should have filed the petition within ninety days of that order in 2009.  Instead, appellant filed his petition under section 961.03 in 2017.  Thus, the trial court properly found it was untimely.

Appellant seeks to avoid the time bar by contending that *Nelson v. Colorado* should be applied retroactively to authorize this late-filed petition.  We disagree for two reasons.  First, *Nelson* is not the type of change in law which should be applied retroactively.  Second, *Nelson* did not invalidate procedural measures required to assert a compensation claim, and the time limitation is a procedural measure.

In *Nelson,* the court considered whether the Colorado Exoneration Act violated due process by requiring defendants, whose convictions had been reversed or vacated, to prove their innocence by clear and convincing evidence in order to obtain a refund of costs, fees, and restitution paid.  The Supreme Court held that when a criminal conviction is invalidated, the state may not retain funds paid to it by a defendant pursuant to the now invalidated convictions.  *Nelson,* 137 S. Ct. at 1256-58.  The Court particularly held that the state may not require a defendant to prove his or her actual innocence in order to secure return of property.  *Id.* at 1256.  The Court concluded: "To comport with due process, a State may not impose anything more than minimal procedures on the refund of exactions dependent upon a conviction subsequently invalidated."  *Id.* at 1258.

The Court did not hold that *Nelson* was to be applied retroactively.  Our supreme court established in *Witt v. State*, 387 So. 2d 922, 929 (Fla. 1980), that a decision will be considered retroactive only when it amounts to a major jurisdictional upheaval in the law.  It explained that these fall into two categories:

> Although specific determinations regarding the significance of various legal developments must be made on a case-by-case basis, history shows that most major constitutional changes are likely to fall within two broad categories.  The first are those changes of law which place beyond the authority of the state the power to regulate certain conduct or impose certain penalties.  This category is exemplified by *Coker v. Georgia*, 433 U.S. 584, 97 S. Ct. 2861, 53 L. Ed. 2d 982 (1977), which held that the imposition of the death penalty for the crime of rape of an adult woman is forbidden by the eighth amendment as cruel and unusual punishment.  The second are those changes of law which are of sufficient magnitude to

3

necessitate retroactive application as ascertained by the three-fold test of *Stovall* [*v. Denno,* 388 U.S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199 (1967)] and *Linkletter* [*v. Walker,* 381, U.S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601 (1965)]. *Gideon v. Wainwright,* of course, is the prime example of a law change included within this category.

*Id.* In contrast, those decisions which amount to an evolutionary change in the law will not be applied retroactively:

> In contrast to these jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, *for procedural fairness,* for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishments uncertain and therefore ineffectual, and burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.

*Id.* at 929-30 (emphasis supplied). As *Nelson* involved procedural fairness in the proceeding, it is an evolutionary refinement of the law, not a major jurisdictional upheaval. *See also Regan v. State,* 787 So. 2d 265, 267-68 (Fla. 1st DCA 2001) (distinguishing between "jurisprudential upheavals" in the law, which warrant retroactive application under *Witt,* and those changes which are evolutionary refinements).

A second reason that *Nelson* does not apply is that in *Nelson,* the Court allowed "minimal procedures" for seeking a refund. *Nelson,* 137 S. Ct. at 1258. We consider a time limit for seeking a refund as such a minimal procedure. Surely, requiring a defendant to bring a demand for refund within reasonable time limits is not onerous to the defendant and brings reason and order to the refund process.

For the foregoing reasons, we affirm the order dismissing appellant's claim for refund of restitution, and hold that *Nelson v. Colorado* cannot be retroactively applied to this untimely petition.

*Affirmed.*

GROSS and LEVINE, JJ., concur.

4