# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

CINDY STUART, CLERK and COMPTROLLER
FOR THE THIRTEENTH JUDICIAL CIRCUIT,

Appellant,

v.

STATE OF FLORIDA and
B.S.D.,

Appellees.

No. 2D22-2192

_____

December 8, 2023

Appeal from the Circuit Court for Hillsborough County; Samantha L. Ward, Judge.

Kristen M. Fiore of Akerman LLP, Tallahassee, and Christine B. Gardner of Akerman LLP, West Palm Beach; and Nancy M. Wallace of Akerman LLP, Tallahassee (substituted as counsel of record); and Mark J. Ware, Legal Counsel, for Appellant.

Nicholas A. Shannin and Carol B. Shannin, of Shannin Law Firm, P.A., Orlando; and Dayna Maeder and Camille Infantolino, of Maeder Infantolino, LLC, Jupiter, for Appellee, B.S.D.

No appearance for Appellee State of Florida.

ROTHSTEIN-YOUAKIM, Judge.

Cindy Stuart, Clerk and Comptroller for the Thirteenth Judicial Circuit (the Clerk), appeals the trial court's denial of her motion to vacate that portion of an expunction order requiring her to refund court costs, fines, and fees to B.S.D. Agreeing with the Clerk that the court lacked

authority to order that relief, we reverse and remand for vacatur of that portion of the order.

B.S.D. filed a petition under section 943.0583, Florida Statutes (2021), to expunge an offense that she had committed while a victim of human trafficking. She served that petition on the state attorney and arresting agency and made the State of Florida a party to the action—all as prescribed by statute. She and the State then submitted a stipulated order that the trial court duly entered.

Consistent with section 943.0583, the order declares B.S.D.'s underlying conviction "vacated due to a substantive defect in the underlying criminal proceedings" and directs her criminal history record expunged. The order, however, also directs that the Clerk refund to B.S.D. the $1,323 that B.S.D. previously had paid to satisfy the costs, fines, and fees imposed under the original (but now vacated) criminal judgment.

Upon learning after the fact that she had been ordered to issue B.S.D. a refund, the Clerk then filed a motion under Florida Rule of Civil Procedure 1.540 to vacate that portion of the order. She argued that the trial court had erred in ordering the refund without first providing her notice and an opportunity to be heard. She also argued that that portion of the order was void because the trial court lacked authority under section 943.0583 to direct such monetary relief. The court summarily denied the Clerk's motion without a hearing.

## Discussion

A nonparty who has not been given notice that monetary relief is sought against it may move under rule 1.540 to vacate a judgment

2

granting such relief.[1]  *See, e.g.*, *Meyer v. Scutieri*, 539 So. 2d 602, 603 (Fla. 3d DCA 1989) (reversing trial court's refusal under rule 1.540(b) to vacate an order requiring nonparties to pay attorney's fees); *Davis v. M & M Aircraft Acquisitions, Inc.*, 76 So. 3d 1066, 1066–67 (Fla. 4th DCA 2011) (holding that nonparty to original action had standing to be heard on the merits of a rule 1.540(b) motion to vacate a final judgment procured by collusion between the parties because "the final judgment directly affected [the nonparty's] rights").  Whether a judgment or order is void under rule 1.540(b)(4) presents a question of law that we review de novo.  *Regions Bank v. Big Bend Invs. Grp. of Fla., LLC*, 311 So. 3d 181, 184 (Fla. 2d DCA 2020).

We readily conclude that the portion of the order directing the Clerk to issue a refund to B.S.D. was void because it was entered without first providing the Clerk notice and an opportunity to be heard.  *See Purdue v. R.J. Reynolds Tobacco Co.*, 259 So. 3d 918, 922 (Fla. 2d DCA 2018) ("[A]n order or judgment that was entered without notice and an opportunity to be heard is void as a violation of due process."); *Richard v. Bank of Am., N.A.*, 258 So. 3d 485, 489 (Fla. 4th DCA 2018) ("Generally, due process requires fair notice and a real opportunity to be heard and

---

[1] B.S.D. does not dispute the applicability of rule 1.540, and caselaw supports the conclusion that her petition to expunge criminal records under section 943.0583 seeks civil relief.  *See State v. Greenberg*, 564 So. 2d 1176, 1177 (Fla. 3d DCA 1990) (holding that the "expungement statute as a whole is a remedial statute providing remedies which are civil in nature" (citing *Capuano v. State*, 347 So. 2d 629 (Fla. 4th DCA 1977))); *cf. Senfeld v. Bank of Nova Scotia Tr. Co. (Cayman)*, 450 So. 2d 1157, 1163 (Fla. 3d DCA 1984) ("Although Section 812.035, Florida Statutes, the civil remedies section of the theft statute, is quite clearly incorporated in a statute which defines and prohibits crimes, it does not follow that rules pertaining to criminal cases apply to the civil action brought thereunder.").

3

defend in an orderly procedure *before* judgment is rendered." (quoting *Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006))). We are unpersuaded by B.S.D.'s suggestion that the Clerk was not entitled to notice and opportunity because issuing refunds to criminal defendants is supposedly just another of the Clerk's many duties. Chapter 28, Florida Statutes (2021), provides a litany of ministerial responsibilities that clerks must fulfill, but issuing a refund that they have no authority to issue is not among them. And that brings us to our more fundamental point: the portion of the order requiring the Clerk to issue B.S.D. a refund is void because the court had no authority under section 943.0583 to order that relief.

Section 943.0583 provides, in pertinent part:

(2) . . . [U]pon the filing of a petition as provided in this section, any court in the circuit in which the petitioner was arrested, so long as the court has jurisdiction over the class of offense or offenses sought to be expunged, may order a criminal justice agency to expunge the criminal history record of a victim of human trafficking who complies with the requirements of this section. . . . This section does not confer any right to the expunction of any criminal history record, and any request for expunction of a criminal history record may be denied at the discretion of the court. The clerk of the court may not charge a filing fee, service charge, or copy fee or any other charge for a petition filed under this section. . . .

(3) A person who is a victim of human trafficking may petition for the expunction of a criminal history record resulting from the arrest or filing of charges for one or more offenses committed or reported to have been committed while the person was a victim of human trafficking, which offense was committed or reported to have been committed as a part of the human trafficking scheme of which the person was a victim or at the direction of an operator of the scheme, including, but not limited to, violations under chapters 796 and 847, without regard to the disposition of the arrest or of any charges. . . . Determination of the petition under this section should be by a preponderance of the evidence. A

4

conviction expunged under this section is deemed to have been vacated due to a substantive defect in the underlying criminal proceedings.

Per its plain language, therefore, section 943.0583 neither authorizes a petitioner to seek nor a court to order a refund of any costs, fines, or fees paid by that petitioner in a prior criminal proceeding.[2]  The sole directive concerning money forbids a clerk from charging a petitioner for filing or pursuing the expunction petition.

Rather, the legislature has authorized under section 943.0583 only limited relief:  vacating the convictions of human trafficking victims and expunging their criminal history records of offenses they committed while victims of human trafficking.  *See id.*  If the legislature had intended that a petitioner under that section receive not only expunction but also a refund of what he or she paid to satisfy the underlying criminal judgment, the legislature would have said so.  But it did not, and "[w]e are not at liberty to add words to statutes that were not placed there by the Legislature." *Hayes v. State,* 750 So. 2d 1, 4 (Fla. 1999).  The trial court simply had no statutory authority to order the Clerk to issue B.S.D. a refund.  *See Suntrust Bank v. Arrow Energy, Inc.,* 199 So. 3d 1026, 1028–29 (Fla. 4th DCA 2016) (concluding that an underlying judgment was void because the court lacked jurisdiction to award interest to be paid by the garnishee); *Cardoza v. State,* 98 So. 3d 1217, 1218–19 (Fla. 3d DCA 2012) (determining that a bond forfeiture final judgment was void because the statutory condition to the exercise of the clerk's authority to send the forfeiture to judgment had not been satisfied).

---

[2] Nor does the general expunction statute permit reimbursement for the costs, fines, or fees imposed as part of an underlying conviction and judgment.  *See* § 943.0585.

5

Contrary to the trial court's conclusion and B.S.D.'s contention, *Nelson v. Colorado*, 581 U.S. 128 (2017), did not provide some independent constitutional basis for the court to sidestep this absence of legislative authorization. The Supreme Court held in *Nelson* that a state is "obliged to refund fees, court costs, and restitution exacted from the defendant" following invalidation of a criminal conviction by a reviewing court, *see id.* at 130, and may only impose "minimal procedures" consonant with due process for the return of such funds, *see id.* at 139. In particular, the Supreme Court held invalid on due process grounds Colorado's statutory scheme for reimbursing those who had been wrongfully convicted. *Id.* Colorado imposed on the wrongfully convicted defendant the burden of proving "actual innocence" to obtain a refund of fines or fees paid to satisfy the original criminal judgment even if that judgment was later vacated. *Id.* at 134. The Supreme Court reasoned that this "actual innocence" requirement impermissibly turned the principle of "innocent until proven guilty" on its head. *See id.* at 135–36.

Yet it hardly follows from *Nelson* that B.S.D. must be permitted *as a matter of constitutional law* to obtain a refund from *a clerk of court* in a statutory expunction proceeding. Although section 943.0583 certainly provides that in a human trafficking expunction, the underlying conviction is "vacated due to a substantive defect in the underlying criminal proceedings," that does not mean that the filing of a petition under this section initiates a turnkey operation. After all, even *Nelson* permits states to enact "minimal procedures" to issue refunds to criminal defendants whose convictions have been overturned. 581 U.S. at 139; *see Brewster v. State*, 250 So. 3d 99, 102 (Fla. 4th DCA 2018) (holding that the statutory deadline in section 961.03, Florida Statutes (2017), for

a petitioner to seek monetary compensation for wrongful incarceration is a permissible "minimal procedure" under *Nelson*).

Indeed, Florida has statutes that are purpose-built to reimburse criminal defendants in certain circumstances. Section 939.06, Florida Statutes (2021), for example, permits an acquitted or discharged defendant to recover previously paid court costs and fees. *See Wolf v. County of Volusia*, 703 So. 2d 1033, 1034 (Fla. 1997) (explaining that section 939.06 permits reimbursement for witness fees, sheriff expenses, and clerk of court expenses). And section 961.06 permits, among other things, recovery of monetary compensation and a refund of any fines, penalties, or court costs by those who were wrongfully incarcerated. We do not opine here whether these statutes could afford B.S.D. relief or whether they comply with *Nelson*; neither of those questions is before us. Rather, we reference these reimbursement statutes merely to explain why we think this case—centered as it is on an expunction statute that is wholly silent as to any right to refund or other reimbursement—is the wrong vehicle to decide the contours of *Nelson.*

Moreover, as a practical matter, the Clerk does not have B.S.D.'s money to refund, the discretion to have retained it in the first place, or the authority to retrieve it now from the State's coffers. Each year, clerks' offices in Florida establish their budgets based on a detailed statutory formula, *see generally* § 28.36, and each year, a clerk must remit to the Department of Revenue any revenue that exceeds that authorized budget, *see* § 28.37(4)(a). Clerks simply do not—and cannot—hold onto fines, fees, or costs just in case a defendant seeks a refund in the future.

## Conclusion

7

In sum, we refuse to engraft a right to a refund on section 943.0583. The trial court had no authority to direct the Clerk to provide monetary relief in this instance, and it compounded that error by ordering such relief without first providing the Clerk with notice and an opportunity to be heard. Accordingly, we reverse the court's denial of the Clerk's motion to vacate that portion of the expunction order requiring the Clerk to issue the refund and remand for vacatur of that portion of the order.

Reversed and remanded.

CASANUEVA and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.